Eric **EISENFELDER,** Petitioner,

v.

The **UNITED STATES of America,** Respondent.

Civ. No. 3:CV–94–0843.

Crim. No. 3:CR–90–0264.

United States District Court, M.D. Pennsylvania.

Dec. 15, 1994.

---

12. *See* Document 24, paragraphs 11–15.

Eric Eisenfelder, pro se.

## *MEMORANDUM*

KOSIK, District Judge.

The petitioner, a federal prisoner proceeding *pro se,* currently confined at the federal correctional institution in Fort Dix, New Jersey, filed the above-captioned motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on June 2, 1994. For the reasons that follow, the court denies petitioner's § 2255 motion.

## I. BACKGROUND

On September 18, 1990, a federal grand jury returned a two count indictment against Daniel Bolger and petitioner Eric Eisenfelder for marijuana manufacture and possession, in the criminal case, 90–CR–0264.[1] On February 11, 1991, following an original not guilty plea, Eisenfelder changed his plea and pled guilty to Count I of the indictment, pursuant to a plea agreement.[2] Eisenfelder was sentenced by this court on October 24,

---

**1.** Count I charged defendants with aiding and abetting each other in manufacturing, and possessing with intent to distribute, marijuana in violation of 21 U.S.C. § 841(a)(1). Count II charged them with conspiring to knowingly and intentionally manufacture and possess with in-

tent to distribute approximately 149 marijuana plants in violation of 21 U.S.C. § 846.

**2.** Plea agreement is docketed as Criminal Document 33, signed by defendant Eisenfelder and his counsel Frank W. Nocito on February 7, 1991.

1991, to a term of sixty-three months imprisonment, three years of supervised release and a fine of $1,000. In imposing the sentence, the court adopted in part [3] the recommendations contained in the presentence report (PSR) generated by United States Probation Officer Leonard R. Bogart, over the objections of the defendant Eisenfelder.[4] Prior to the sentencing, the court conducted an evidentiary hearing, at which the quantity of marijuana plants attributable to Eisenfelder was argued by both sides. The court issued a Memorandum and Order on September 10, 1991 holding that sufficient evidence exists to link Eisenfelder to 149 marijuana plants.[5]

Eisenfelder appealed his sentence to the United States Court of Appeals for the Third Circuit on November 4, 1991. In his brief, Eisenfelder challenged various determinations made by this court with respect to the application of the United States Sentencing Guidelines to his conduct. Primarily, he challenged the finding of the court pursuant to the "relevant conduct" section, § 1B1.3, which held him responsible for 149 marijuana plants. The Third Circuit upheld this factual finding and the remainder of the sentence on December 8, 1992. *See United States of America v. Eric Eisenfelder, a/k/a John L. Taylor,* slip. op., No. 91–5904 (3d Cir. December 8, 1992) (*affirmed without opinion,* 983 F.2d 1053).

On June 2, 1994, Eisenfelder filed the instant motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. He argues that the court did not correctly factor in his "minor or minimal participation in the offense", pursuant to the Guidelines § 3B1.1(a).[6] These arguments are raised

here in the first instance. Eisenfelder raised no objection to the sentencing court regarding his role as a "minor participant" under § 3B1.1, nor did his appeal to the Third Circuit Court of Appeals bring forth this contention.

## II. STANDARD OF REVIEW

28 U.S.C. § 2255 states in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

■ This section provides a statutory remedy for collateral attacks on judgments of sentence following conviction, *United States v. Huss,* 520 F.2d 598, 603 (2d Cir.1975), and is intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court. *United States v. Addonizio,* 442 U.S. 178, 184, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979).

■ If a prisoner's § 2255 petition raises an issue of material fact, the sentencing court must hold a hearing to determine the truth of the allegations. *United States v. Essig,* 10 F.3d 968, 976 (3d Cir.1993) (*citations omitted* ). To determine if allegations

---

3. The court found that a two level reduction for acceptance of responsibility was warranted, contrary to the recommendation in the PSR as to that factor.

4. Eisenfelder made five objections to the PSR. He argued that (1) his offense level should be reduced two levels for acceptance of responsibility, pursuant to Section 3E1.1 of the United States Sentencing Guidelines; (2) the enhancement for obstruction of justice was in error; (3) he should not be held accountable for 149 marijuana plants; (4) it is unconstitutional to equate one marijuana plant with one kilogram of marijuana; and (5) that one paragraph be deleted

referring to a farmhouse in Cherry Valley. Objections are attached to the PSR.

5. Criminal Document 39.

6. Eisenfelder also claims that the court never informed him that he faced a potential maximum sentence of forty years, rather than twenty years. *See* addendum to motion (Document 62) at pp. 1–2. However, as correctly stated by the government in its response brief (Document 63), pp. 15–16, plaintiff did not receive a sentence which contained a 40 year maximum sentence. *See* PSR and Judgment dated October 29, 1991.

are material, the court is to use a two step inquiry. We must first determine if through procedural default, petitioner is barred from bringing the action, under the *Frady* [7] "cause and prejudice" analysis discussed below. *Id.* If there is no procedural default or waiver, we are then to inquire whether petitioner has alleged an error serious enough to warrant consideration under § 2255.[8] *Id.* If the error is waived we do not reach the question whether it is serious enough to permit collateral review under § 2255. *Id.*

## III. DISCUSSION

■ The court must first determine if through procedural default or waiver petitioner is barred from bringing these collateral attacks on his sentence. After several years of uncertainty on the issue, the Third Circuit has recently made the "cause and prejudice" default analysis set forth in *United States v. Frady*, 456 U.S. 152, 167, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982) ("*Frady*"), definitively applicable to a prisoner seeking to challenge his sentence under collateral review. *See United States v. Essig*, 10 F.3d 968, 979 (3d Cir.1993).[9]

■ Therefore, where as in the instant case, the petitioner has failed to raise his objection to the sentencing court and has failed to file a direct appeal to the Circuit Court of Appeals on that issue, such a claim is barred from collateral review unless the petitioner can demonstrate "cause" for his

failure to raise the claim on appeal and "actual prejudice" resulting from the alleged violation. *Essig*, 10 F.3d at 968, *citing Frady*, 456 U.S. 152, 167, 102 S.Ct. 1584, 1594.

■ Although "cause" and "prejudice" cannot be delineated with precision, the Supreme Court has provided the lower courts with some guidance. "Cause" must be something external to the petitioner, something that cannot be fairly attributed to him. *Coleman v. Thompson*, 501 U.S. 722, 751, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991). The "prejudice" must be so substantial that the integrity of the entire trial is infected. *Frady*, 456 U.S. at 169–70, 102 S.Ct. at 1595–96. *See also, Davis v. United States*, 417 U.S. 333, 347, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974).

■ As petitioner has provided no explanation as to his multiple procedural defaults, that is, why he failed to make any objection to the sentencing court regarding his "minor participant" role, and why he failed to argue the same before the Third Circuit on his direct appeal, we find conclusively that he has not demonstrated "cause" under the *Frady* analysis.

As such, it is unnecessary to proceed through an analysis under the "prejudice" wing or the second step of the materiality analysis, as described in *Essig, supra*.[10] The § 2255 petition is denied.

An appropriate Order is attached.

7. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

8. The type of claim cognizable under a § 2255 motion is extremely limited. The petition must either assert lack of jurisdiction, a constitutional violation, or an error of law which, "inherently results in a complete miscarriage of justice". *See Diggs v. United States*, 740 F.2d 239, 243 (3d Cir.1984), *superseded by statute*, 10 F.3d 968 (3d Cir.1993) *citations omitted*.

9. The Third Circuit, citing the Sentencing Reform Act, 18 U.S.C. § 3742, held that *United States v. Baylin*, 696 F.2d 1030 (3d Cir.1982) and *Diggs v. United States*, 740 F.2d 239 (3d Cir. 1984) (both cases refusing to apply the *Frady* analysis to collateral appeals of sentences under § 2255), no longer are good law: Our approach in *Baylin* and *Diggs*, which was the subject of some criticism even before the Sentencing Reform Act, cannot survive the statute.... There-

fore we hold *Frady's* cause and prejudice standard applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors.

*United States v. Essig*, 10 F.3d 968 at 978–79.

10. Though it should be noted that were the court to proceed through these analyses it would find neither "prejudice", nor that any claimed violation was serious enough to mandate a § 2255 review. As this court and the Third Circuit have concluded, sufficient evidence exists to link petitioner with the crime to which he has been sentenced. Furthermore, while the court recognizes that sentencing of a defendant based on material misinformation raises an error of constitutional dimension, *see Townsend v. Burke*, 334 U.S. 736, 740–41, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948), it finds no "material misinformation", nor does it find that the claimed violation addressed in the petition would constitute a "fundamental miscarriage of justice", even if

## ORDER

AND NOW, this 15th day of December, 1994, IT IS HEREBY ORDERED AS FOLLOWS:

■ The petitioner's motion to vacate, set aside or correct his sentence is denied;

■ The Clerk of Court is directed to close this case; and

■ Any appeal of this Order shall be deemed frivolous, without merit and lacking in probable cause.

true. *See Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962); *Davis v. United States*, 417 U.S. 333, 347, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974).