**James W. HENRY, Petitioner,**

**v.**

**UNITED STATES of America,
Respondent.**

**Criminal No. 88–186–01.
Civil No. 3:95–CV–1779.**

United States District Court,
M.D. Pennsylvania.

Jan. 23, 1996.

James W. Henry, pro se.

Bruce Brandler, Asst. U.S. Atty., Scranton, PA, for the U.S.

MEMORANDUM AND ORDER

CONABOY, District Judge.

Presently before the Court is Petitioner's Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp.1995). On November 15, 1988, the Petitioner was indicted in a ten-count indictment charging the Petitioner and his co-conspirator with, *inter alia,* manufacturing methamphetamine and phenylacetone, conspiracy and attempt to manufacture methamphetamine and phenylacetone and maintaining a place to manufacture methamphetamine and phenylacetone. The Petitioner initially pled not guilty to all ten (10) charges, but subsequently changed his not guilty plea to guilty as to counts one (1), two (2) and ten (10) of the indictment (the above mentioned charges). In accordance with the Federal Sentencing Guidelines, the Petitioner was sentenced to a minimum 188 month imprisonment term, followed by a three (3) year term of supervised release.

The Petitioner appealed, and raised two (2) issues regarding the colloquy of the Sentencing Court, claiming that the sentencing court did not comply with Fed.R.Crim.P. 11(c), by not advising him of either the mandatory term of supervised release or of the fact that the offense level for the offense to which he was pleading to was 34. The Petitioner also claimed in his appeal that the sentencing court did not advise him of the bottom end of the guideline range. The United States Court of Appeals for the Third Circuit, in the published opinion of *United States v. Henry,* 893 F.2d 46 (3d Cir.1990), affirmed the Petitioner's conviction and sentence.[1]

The Petitioner filed this § 2255 motion on October 24, 1995, claiming: 1) that the government failed to accurately prove the quality and quantity of methamphetamine; 2) that his attorney was ineffective by not raising the issue of proof of the quantity and quality of methamphetamine at the time of sentencing; and 3) that he is entitled to a resentencing based upon new clarifying amendments to the Federal Sentencing Guidelines.

■ We must state at the onset that the Petitioner is a *pro se* litigant; and as such we realize that his pleadings are to be viewed in a most liberally construing light. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). When dealing with *pro se* prisoner litigants, we are ever mindful of this liberal standard. After reviewing the Petitioner's pleadings in such a light, the parties' pleadings, attached documents and relevant case law, we find that the Petitioner is procedurally barred from raising some of his arguments before this Court via a § 2255 motion to vacate his sentence and has failed to meet his burden on his other arguments. We shall address each issue *seriatim.*

**Petitioner's Allegation that the Quality and Quantity of Methamphetamine Was Not Correctly Proven**

The Petitioner claims that "the Government [failed to] prove, via the preponderance of the evidence, the elements of the plead (sic) crime." In essence, the Petitioner claims that the government failed to prove the quality or quantity of methamphetamine. Although the Petitioner had appealed his conviction and sentencing, this is the first time that the Petitioner has raised this argument. Thus, we must apply the cause and prejudice standard of *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1981), in order to determine whether or not the Petitioner may argue this claim in his § 2255 motion.

■ If a petitioner has failed to raise an objection at the time of trial and has also failed to raise the issue on direct appeal, then collateral review of that claim is procedurally barred unless the petitioner is able to show "cause" excusing his procedural default and "actual prejudice" resulting from the alleged error or violation. *Eisenfelder v. United States,* 871 F.Supp. 793, 796 (M.D.Pa.1994); *Frady,* 456 U.S. at 167–8, 102 S.Ct. at 1594–95. This cause and prejudice standard also applies to § 2255 proceedings in which a

---

1. Likewise, the Petitioner's co-defendant also appealed his sentence, attacking this Court's determination of the quantity and quality of methamphetamine involved. The United States Court of Appeals for the Third Circuit, in the unpublished opinion of *United States v. Bailey,* No. 89–5591, 1989 WL 160199 (3d Cir.1989), affirmed Bailey's conviction and sentence.

petitioner challenges his sentencing proceedings which have not been directly appealed. *United States v. Essig*, 10 F.3d 968, 979 (3d Cir.1993); *Eisenfelder*, 871 F.Supp. at 796.

" '[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot be fairly attributed to him...." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1990) (emphasis in original). In order to show prejudice, a petitioner "must show that the trial judge's error did more than create a possibility of prejudice: the error must be shown to have 'worked to his actual and substantial disadvantage.' " *O'Halloran v. Ryan*, 704 F.Supp. 70, 74 (E.D.Pa.1989), *cert. denied*, 494 U.S. 1035, 110 S.Ct. 1491, 108 L.Ed.2d 627 (1990) (quoting *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648–49, 91 L.Ed.2d 397 (1986)).

■ A review of the transcripts of the Petitioner's sentencing reveals no attempt by the Petitioner to dispute the quality or quantity of methamphetamine. Furthermore, the Petitioner failed to raise of this argument in his appeal to the United States Court of Appeals for the Third Circuit. Since the Petitioner has failed to show cause for failing to previously raise this argument, we need not address the issue of whether or not he has suffered any prejudice. *Eisenfelder*, 871 F.Supp. at 796. As such, the Petitioner's first argument that the sentencing court failed to take into consideration the quantity and quality of methamphetamine is procedurally barred.

### Ineffective Assistance of Counsel

■ The Petitioner next utilizes the belt and suspenders approach with the same argument, claiming that his trial counsel's failure to question or object to the quantity or quality of methamphetamine rose to the level of ineffective assistance of counsel. We disagree.

■ When claiming ineffective assistance of counsel, a § 2255 petitioner is not held to the *Frady* cause and prejudice standard if the ineffective assistance argument is raised for the first instance in a § 2255 motion to vacate a sentence. *See United States v. DeRewal*, 10 F.3d 100, 103–5 (3d Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1544, 128 L.Ed.2d 196 (1994). Rather, a § 2255 petitioner alleging ineffective assistance of counsel must show both that counsel's performance was deficient and that the deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1983).

■ "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700, 104 S.Ct. at 2071. The Petitioner has the burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different." *United States v. Fulford*, 825 F.2d 3, 8 (3d Cir.1987) (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064).

The Petitioner claims that "[w]hen [he] was being sentenced, the case of *United States v. Koonce*, 884 F.2d 349 (8th Cir.1989), had already been decided, and the issues being raised here were also, successfully presented to the Court of Appeals." The record reflects that the Petitioner was sentenced on April 20, 1989. The *Koonce* decision was decided on August 29, 1989.

The *Koonce* decision addressed the issue of whether, for sentencing purposes, the government must distinguish between D-methamphetamine and L-methamphetamine. Methamphetamine takes the form of two (2) different isometric forms, each isometric form having a different psychological effect on the human body. *United States v. Bogusz*, 43 F.3d 82, 88–89 (3d Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1812, 131 L.Ed.2d 736 (1995). The two different forms are D(dextro)-methamphetamine and L(levo)-methamphetamine.[2] As a result, the Federal Sentencing Guidelines, for the purpose of sentencing, treat methamphetamine (actual) and methamphetamine substantially

---

**2.** A third type, D,L-methamphetamine, is a combination of D-methamphetamine and L-methamphetamine.

different. *See* U.S.S.G. § 2D1.1, Drug Equivalency Tables, Commentary 10 (where one (1) gm of methamphetamine (actual) is equal to 10 kg of marijuana, while one (1) gm of methamphetamine is equal to 1 kg of marijuana). Such distinctions, for sentencing purposes, have recently been addressed by the courts[3]. However, for purposes of this case, the most persuasive case is that of *United States v. Seyfert,* 67 F.3d 544 (5th Cir.1995).

The procedural facts of *Seyfert* are remarkably identical to the facts in this case. Seyfert was convicted and sentenced for drug trafficking charges, one of the charges being conspiracy to distribute less than 100 grams of a substance containing a detectable amount of methamphetamine. The mixture was determined to weigh 53.845 grams of methamphetamine, or 9.761 grams of methamphetamine (actual). The sentencing court based Seyfert's sentence on the 9.761 grams of methamphetamine (actual). Seyfert appealed his sentence, raising an unrelated issue. He then filed a § 2255 motion to vacate his sentence, arguing for the first time that the government had failed to prove the quantity of D-methamphetamine as opposed to L-methamphetamine, and that his counsel was ineffective in failing to raise the issue at sentencing.

The United States Court of Appeals for the Fifth Circuit upheld the District Court's denial of Seyfert's § 2255 motion, following the same analysis which this Court utilizes today. Seyfert's claim that the government had failed to prove the quantity of D-methamphetamine was procedurally barred, since it was not directly raised on appeal. In regards to Seyfert's ineffective assistance claim, the court held that, pursuant to the *Strickland* standard, Seyfert's counsel was not ineffective.

The *Seyfert* court stated that "considering the absence of any reference to D–L meth-

amphetamine in the Sentencing Guidelines and the total lack of case law on the subject, we find, *as a matter of law,* that it was not objectively unreasonable for Seyfert's attorney to fail to raise the innovative sentencing issue." *Seyfert,* 67 F.3d at 548 (emphasis added). Although the *Seyfert* case is a Fifth Circuit case, and therefore is merely persuasive authority, we find that its reasoning is sound enough for us to rely upon. There is really no possible way that the Petitioner's counsel in 1989 could have foreseen and submitted such an argument in the Petitioner's defense. Our opinion is bolstered by the fact that the *Koonce* decision, which the Petitioner so heavily relies upon for his ineffective assistance claim, was decided four (4) months after the Petitioner was convicted, sentenced, and appealed his conviction and sentence. Had the *Koonce* decision been decided prior to the Petitioner's sentencing, the outcome could possibly be different. *Cf. United States v. Acklen,* 47 F.3d 739 (5th Cir.1995) (where the court held that counsel's failure to distinguish between D-methamphetamine and L-methamphetamine constituted deficient performance, in light of the fact that the *Koonce* decision was decided prior to the petitioner's sentencing).

In light of this, the Petitioner has failed to show that his counsel's performance was deficient. And since the first prong of the *Strickland* standard has not been met, there is no need to determine whether the Petitioner has suffered any prejudice.

However, assuming arguendo that the Petitioner's counsel was deficient by not foreseeing such a then-ingenious argument, we still agree with the government's submission that the outcome would not have been different. As called to our attention, the Petitioner's co-defendant challenged the quality and quantity of methamphetamine, and the United States Court of Appeals for the Third Circuit affirmed the co-defendant's conviction and sentence in an unpublished opinion.[4]

**3.** *See Bogusz, supra; Koonce, supra; United States v. Carroll,* 6 F.3d 735 (11th Cir.1993); *United States v. Decker,* 55 F.3d 1509 (10th Cir. 1995); *United States v. Patrick,* 983 F.2d 206 (11th Cir.1993). The Third Circuit, through the *Bogusz* decision, interprets the distinction to mean that both methamphetamine and metham-

phetamine (actual) refer to the quantity of D-methamphetamine, and, in order to calculate the base offense level for L-methamphetamine, the substance must be converted into marijuana equivalents. *Bogusz,* 43 F.3d at 91.

**4.** *See* n. 1, *supra.*

**Petitioner's Claim That He is Entitled to Resentencing Because of New Clarifying Amendments to the Federal Sentencing Guidelines.**

Finally, the Petitioner argues that he is entitled to a resentencing because of recent clarifying amendments to the Federal Sentencing Guidelines. He claims that he is entitled to a one (1) point reduction based upon an amendment to U.S.S.G. § 3E1.1. The Petitioner also claims that he is entitled to a reduction pursuant to the safety valve reduction of § 5C1.2. We disagree.

Generally, the sentencing court shall utilize the Sentencing Manual in effect the date the defendant is sentenced. U.S.S.G. § 1B1.11(a). However, if the guideline range is subsequently amended and lowered as a result of an amendment while a petitioner is serving his term of imprisonment, then that petitioner's incarceration term shall be reduced *only* if it is determined that the amendment is to apply retroactively. U.S.S.G. § 1B1.10(a).

■ Section 3E1.1, dealing with acceptance of responsibility, was amended on November 1, 1992 to allow an additional point deduction for acceptance of responsibility. U.S.S.G., Appendix C, Amendment 459, effective November 1, 1992. However, this amendment to the Federal Sentencing Guidelines *was not* meant to be retroactively applied. *See* U.S.S.G. § 1B1.10(a). Thus, the Petitioner is not entitled to a one (1) point reduction. Since the Petitioner is not entitled to a reduction, he is not entitled to a resentencing.

■ Likewise, § 5C1.2, which allows the sentencing court to impose a sentence without regard to the statutory minimum sentence if the criteria of 18 U.S.C. § 3553(f)(1)–(5) are met, was added after this Court (as the Sentencing Court) sentenced the Petitioner on April 20, 1989. *See* U.S.S.G., Appendix C, Amendment 509, effective September 23, 1994. Amendment 509 was also not meant to be retroactively applied. *See* U.S.S.G. § 1B1.10(a). Therefore, the Petitioner is not entitled to a resentencing.

*CONCLUSION*

For the reasons stated above, the Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct his Sentence is denied. An appropriate Order is attached.

***ORDER***

AND NOW, THIS 22nd DAY OF JANUARY, 1996, IT IS HEREBY ORDERED THAT:

1) The Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct his Sentence is DENIED.

2) The Clerk of Court is directed to CLOSE THE FILE.

3) Any appeal from this order will be deemed frivolous, without probable cause and taken in bad faith.