978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael West BURKE, Defendant-Appellant.
 No. 91-50802.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 27, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael West Burke appeals his sentence under the United States Sentencing Guidelines, following entry of his guilty plea, for importation of heroin in violation of 21 U.S.C. § 952(a). Burke contends that the district court erred by determining that it lacked the authority to depart downward for substantial assistance without a government motion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the legality of a sentence, while reviewing for clear error a district court's underlying factual findings. United States v. Delgado-Cardenas, Nos. 91-50253, 91-50257, slip op. 10663, 10669 (9th Cir. September 3, 1992).
 
 
 4
 Generally, a district court may not depart downward from a mandatory minimum sentence imposed by statute for a defendant's substantial assistance when the government refuses to make a motion pursuant to U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553. Wade v. United States, 112 S.Ct. 1840, 1843 (1992); Delgado-Cardenas, Nos. 91-50253, 91-50257, slip op. at 10669; see also United States v. Valente, 961 F.2d 133, 134 (9th Cir.1992). Nonetheless, the Supreme Court recently held that "a district court can review a prosecutor's refusal to file a substantial assistance motion and grant relief if the court finds that the refusal was based upon an unconstitutional motive, such as race or religion or upon due process grounds that the refusal was not rationally related to any legitimate state objective." Delgado-Cardenas, Nos. 91-50253, 91-50257, slip op. at 10669 (citing Wade, 112 S.Ct. at 1843-44).
 
 
 5
 Here, the presentence report ("PSR") indicated that the applicable sentencing range for Burke was 97 to 121 months, but added that 21 U.S.C. §§ 952(a) and 960(b)(1)(A) require a ten-year mandatory minimum sentence, thus narrowing the actual range to 120-121 months, see U.S.S.G. § 5G1.1(c)(2). At the sentencing hearing, defense counsel urged the district court to depart below the ten-year mandatory minimum because Burke and his common-law wife provided information to assist the government in its investigation. The government, arguing that the information was useless as it did not result in the investigation or prosecution of anyone, did not file a substantial assistance motion. The district court ruled that it lacked the authority to sentence below the minimum in the absence of a substantial assistance motion by the government and sentenced Burke to 120 months.
 
 
 6
 Without the benefit of Wade at the time of its decision, the district court erroneously concluded that it lacked the authority to review the government's refusal to file a substantial assistance motion and to grant a remedy if the refusal was not rationally related to any legitimate state objective or was based upon an unconstitutional motive. See Wade, 112 S.Ct. at 1844. Nonetheless, we review the record to determine if Burke made a "substantial threshold showing" which would entitle him to an evidentiary hearing. See id. We conclude that he has failed to make one.
 
 
 7
 Burke never argued that the government's refusal to file the motion was based on unconstitutional grounds. In fact, Burke's counsel specifically stated that "I'm not suggesting that Mr. Petti [the prosecutor] has acted in bad faith; I'm not raising that issue" (RT 11/12/91 at 8). Instead, defense counsel explained the extent of Burke's and his common-law wife's assistance to the government. The Supreme Court has considered and squarely rejected this approach. See Wade, 112 S.Ct. at 1844 ("a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy ... or an evidentiary hearing"); cf. Delgado-Cardenas, Nos. 91-50253, 91-50257, slip op. at 10670 (remand required where defendant provided assistance to the government and the record indicated that government's refusal to file a substantial assistance motion was based upon unconstitutional grounds).
 
 
 8
 Although the district court erroneously determined that it lacked the authority to review the government's decision not to file a substantial assistance motion, we are free to affirm on any ground fairly presented by the record. See Scholar v. Pacific Bell, 963 F.2d 264, 266 (9th Cir.), cert. denied, 61 U.S.L.W. 3239 (U.S. Oct. 5, 1992) (No. 92-156). Therefore, we affirm the district court's judgment because Burke failed to make a substantial threshold showing which would have required the district court to sua sponte address whether a departure would be appropriate. See Wade, 112 S.Ct. at 1844.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3