56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James D. COX, aka: James Cox, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
David COX, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeff WILLIAMS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jacqueline COX, Defendant-Appellant.
 Nos. 93-50721, 93-50723, 93-50725, 93-50726.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1995.
Decided May 4, 1995.
 
 1
 Appeal from the United States District Court, for the Central District of California, D.C. No. CR 93-189 WDK(RS; William D. Keller, District Judge, Presiding.
 
 
 2
 C.D.Cal.
 
 
 3
 REVERSED IN PART, REMANDED IN PART, AFFIRMED IN PART.
 
 
 4
 Before: CANBY and NOONAN, Circuit Judges, KING,* District Judge.
 
 
 5
 MEMORANDUM**
 
 
 6
 On March 3, 1993, David Cox, James Cox, Jacqueline Cox, and Jeff Williams were all indicted for conspiracy to distribute one kilogram or more of a mixture or substance containing phencyclidine in violation of 21 U.S.C. Sec. 846. The indictment also charged all of the defendants with distributing 3,400 grams of a mixture or substance containing PCP on October 8, 1991, in violation of 21 U.S.C. Sec. 841(a)(1). The indictment also charged James Cox, David Cox, and Jeff Williams with distributing 5,800 grams of a mixture or substance containing PCP on October 21, 1991, in violation of 21 U.S.C. Sec. 841(a)(1). On July 9, 1993, after a jury trial, the three Coxes were convicted of all counts and Williams was convicted only on the charges related to the October 8 sale. They were sentenced on October 7, 1993.
 
 
 7
 The parties raise the following issues on direct appeal.
 
 
 8
 James Cox contends that (i) the district court erred in granting the government's motion to introduce evidence of his prior conviction for trafficking in PCP, (ii) the district court inadequately instructed the jury on the limited use of the prior conviction evidence pertaining to James Cox, and (iii) the district court erred in finding that James Cox's prior felony convictions were unrelated for the purposes of sentencing.
 
 
 9
 David Cox and Jacqueline Cox separately contest the admission of the statement of a non-testifying codefendant as prejudicial.
 
 
 10
 James Cox and Jacqueline Cox contend that the district court abused its discretion in denying their motion for discovery regarding their vindictive prosecution claim.
 
 
 11
 Jeff Williams, James Cox and David Cox contend that the district court erred in denying Jeff Williams' motion for mistrial based on co- defendant Jacqueline Cox's opening statement.
 
 
 12
 All parties claim that the district court committed reversible error by giving an undercover agent instruction to the jury.
 
 
 13
 Williams claims that the prosecutor's final argument reagarding blameworthiness was plain error.
 
 
 14
 Finally, Williams argues that the ten year mandatory sentence as applied to him violated the Due Process Clause of the U.S. Constitution.
 
 
 15
 We address each claim in turn.
 
 
 16
 James Cox's claims regarding the prior conviction evidence
 
 
 17
 The district court permitted the government to introduce James Cox's guilty plea for possession of PCP in 1985. Although James Cox states that there was sufficient evidence for this prior conviction, he contends that the prior act evidence was too remote in time and not similar to his present case and therefore inadmissible under United States v. Pitts, 6 F.3d 1366, 1370 (9th Cir. 1993).
 
 
 18
 Despite James Cox's claims, the evidence of his prior guilty plea is admissible. Even though the prior act occurred eight years earlier, acts much older have been held admissible in other cases. See United States v. Ross, 886 F.2d 264, 267 (9th Cir. 1989) (upholding admission of 12-year-old evidence to show intent). In addition, James Cox's claim that the prior conviction was too dissimilar to the charges on which he was indicted because the conviction involved a substantially lower amount of PCP and was not for conspiracy is groundless. When prior act evidence is offered to show the defendant's knowledge, the evidence is admissible "even when similarity is lacking, as long as it makes 'the existence of [the defendant's] knowledge more probable than it would be without the evidence."' United States v. Arambula-Ruiz, 987 F.2d 599, 603 (9th Cir. 1993). The evidence of James Cox's 1985 conviction was properly admitted.
 
 
 19
 James Cox's alternative argument that the district court's instructions to the jury were inadequate is also groundless. He objects to the district court's instruction that the jury could consider the prior act evidence "only as it bears on defendant James Cox's plan or intent." Cox alleges that the instructions were not narrow enough and the prior act evidence, if admissible, should have been used only to establish intent. He misstates the law. Prior act evidence can be introduced to establish the actor's state of mind, including intent and modus operandi. Huddleston v. United States, 485 U.S. 681, 685 (1988).
 
 
 20
 Finally, James Cox contends that the district court miscalculated his criminal history category and erroneously found him to be a career criminal. In order for the district court to find that James Cox was a career offender under the sentencing guidelines, Cox would have to have at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. Sec. 4B1.1. The district court treated the two 1986 convictions of James Cox as separate offenses. James Cox asserts that the two convictions are related and should be treated as one.
 
 
 21
 Under the Sentencing Guidelines, prior sentences in related cases are to be treated as one sentence. U.S.S.G. Sec. 4A1.2(a)(2) (1993). Under the Sentencing Guidelines at the time of Cox's two prior sentences, prior offenses are related if they were consolidated for a trial or sentencing. U.S.S.G. Sec. 4A1.2, Application Note 3 (1990). Cox cites United States v. Chapnick, 963 F.2d 224 (9th Cir. 1992), for the proposition that two cases are related without formal consolidation if the sentencing occurs concurrently by the same judge on the same day in the same hearing. This court has applied the holding of Chapnick in United States v. Bachiero, 969 F.2d 733, 734 (9th Cir. 1992).
 
 
 22
 Like the defendant in Chapnick, Cox was given two concurrent sentences by the same judge on the same day at the same hearing. In addition, Cox was given identical credit for time served. Cox's counsel asserts that the two prior offenses became related because they were subject to a single sentencing proceeding as part of a plea package. Neither this court nor the district court may rely on the bare statement of counsel. But we remand to the district court to determine whether the two prior offenses became related for the reasons set forth in this decision.
 
 
 23
 David and Jacqueline Cox's claim regarding the statement of a non-testifying co-defendant
 
 
 24
 David Cox and Jacqueline Cox each contend that the district court erred in admitting statements of a non-testifying co-defendant. David Cox protests the admission of a statement of an undercover agent that James Cox had told him that he was at the drug sale only to protect "his brother." Jacqueline Cox protests the admission of a statement of an undercover agent that David Cox had told him that Jacqueline would "blast, drive anything."
 
 
 25
 Neither statement was unfairly prejudicial. Regarding David Cox, the district court had acted to redact the statement and replace the phrase "my brother" with the neutral phrase "the seller." Under United States v. Enriquez-Estrada, 999 F.2d 1355, 1359 (9th Cir. 1993), a statement is not facially incriminating if the defendant's name is replaced by a label or a neutral pronoun and hence not prejudicial under United States v. Bruton, 391 U.S. 123 (1968). David Cox's counsel rejected the redacted version. Thus the district court's error, if any, in this regard was "invited error." "The doctrine of invited error prevents a defendant from complaining of an error that was his own fault." United States v. Reyes-Alvarado, 963 F.2d 1184, 1187 (9th Cir. 1992).
 
 
 26
 Finally, Jacqueline Cox argues that the statement about her ability to "blast, drive anything" was inadmissible because it was not made in furtherance of a conspiracy as required by Federal Rules of Evidence 801(d)(2)(E). David Cox's statement was made while he was driving the informant to the site of the drug sale and intended to assure him of the reliability of another member of the conspiracy. A statement is in furtherance of a conspiracy if it encourages a witness to participate in the conspiracy. United States v. Whitten, 706 F.2d 1000 (9th Cir. 1983). The informant's statement was not admitted improperly.
 
 
 27
 James and Jacqueline Cox's claim regarding the denial of discovery regarding their vindictive prosecution claim
 
 
 28
 At trial, James and Jacqueline Cox moved to dismiss the indictment for vindictive prosecution. They now assert that the district court abused its discretion in not permitting discovery of their vindictive prosecution claim. However, they do not present "specific facts" which "establish a colorable basis for both discriminatory application of a law and discriminatory intent on the part of government actors." United States v. Bourgeois, 964 F.2d 935, 939 (9th Cir. 1992). Instead, the Coxes point to the delay in the indictment and post-arrest plea negotiations in which the Assistant U.S. Attorney stated that "the government would be lenient toward Jacqueline Cox" if she would provide evidence relating to an ongoing investigation of another case. None of the facts pointed to by the Coxes support their claim that the government prosecution was motivated by vindictiveness.
 
 
 29
 James Cox, David Cox, and Williams' claim regarding Jacqueline Cox's opening statement
 
 
 30
 James Cox, David Cox, and Williams allege that the district court abused its discretion in denying a motion for mistrial following allegedly prejudicial remarks made by Jacqueline Cox's counsel. The remarks at issue were: "I believe that the evidence will ultimately show, and that you will conclude, number one, that defendant Jacqueline Cox as opposed to all the other defendants was not a member of any conspiracy." The claim is groundless. The district court cured any possible prejudice from the opening statement by instructing the jury that opening statements are not evidence. United States v. Maurice, 416 F. 2d 234 (9th Cir. 1969).
 
 
 31
 All parties' claim regarding the undercover agent jury instruction
 
 
 32
 All parties claim that the district court committed reversible error by giving an undercover agent instruction to the jury similar to the one given in United States v. North, 746 F. 2d 627, 631 (9th Cir. 1984). They contend that the North instructions apply when there is a claim of entrapment and since there was no claim of entrapment in their case, the instructions gave the government's use of the undercover agent a sense of legitimacy and contradicted a companion set of instructions warning the jury to accept the testimony of the informant with caution. For these reasons, the parties assert that the undercover agent instruction was prejudicial.
 
 
 33
 The contention is groundless. Undercover jury instructions were upheld in North when there is an attack on the propriety of the investigation. 746 F.2d at 631. The district court gave the undercover jury instruction because some jurors may have erroneously believed that the use of the informant was improper. Furthermore, the undercover agent instruction did not contradict the instruction about viewing the testimony of the agent with caution. The first instruction pertained to conduct before the trial and the second to testimony during trial. The district court did not abuse its discretion in giving the instruction.
 
 
 34
 Williams' claim regarding the prosecutor's final argument
 
 
 35
 Williams challenges the following final argument by the prosecutor: "And maybe James Cox and David Cox are more blameworthy. But the question of punishment is left up to the judge." Williams contends that this statement is factually incorrect because the judge would have to follow mandatory guidelines and therefore was confusing to the jury. Since Williams did not object to this statement at trial, we reverse only for plain error. United States v. Laurins, 857 F.2d 529, 539 (9th Cir. 1988). The prosecutor's statement was a paraphrase that the jury was not to consider punishment. It is consistent with the district court's instruction to the jury that it was not to consider punishment in its deliberation on guilt. "It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991). Accordingly, we do not find plain error resulting from the prosecutor's statement.
 
 
 36
 Williams' constitutional challenge to the mandatory minimum sentence
 
 
 37
 Williams contends that the ten year mandatory minimum sentence under 21 U.S.C. Sec. 841(b) violates the Due Process Clause because it bases the sentence only on the weight of the mixture containing PCP involved in the transaction and not on mitigating factors such as the defendant's minimal role in the conspiracy. Since Williams' role was that of a drug mule, Williams urges this court to find that the ten year mandatory minimum sentence is arbitrary and capricious as applied to him.
 
 
 38
 Williams' constitutional claim, whether raised facially or as applied, is unpersuasive. We have held that the mandatory minimum sentence under Sec. 841(b) was not unconstitutional as applied when the constitutional claims rested on the Eighth Amendment and the Equal Protection Clause. United States v. Kinsey, 843 F.2d 383 (9th Cir. 1988). Williams' due process claim is equally ungrounded. "If defendants had some due process rights to individualized sentencing, all mandatory sentencing schemes would be unconstitutional." U.S. v. Spencer, 25 F.3d 1105, 1112 (D.C. Cir. 1994).
 
 
 39
 Williams also raises the issue that the mandatory minimum is irrational because it is based on the weight of the mixture containing PCP rather than the quantity of pure PCP. As the Supreme Court has decided, Congress could rationally base sentences on the total weight of the drugs and their carrier medium. Chapman v. United States, 500 U.S. 453 (1991). Williams argues that because water is mixed with the drug, the mandatory minimum for PCP is irrational. The argument, while striking, does not overcome the Supreme Court's insistence that the statute is valid even when the mixture used is blotting paper. Id. at 461-462.
 
 
 40
 At his sentencing hearing, Williams raised several factors urging a downward departure from the mandatory minimum of ten years. He raises these issues once again in this appeal. The district court could not have departed because the ten years is the statutory mandatory minimum and cannot be reduced by the factors for departure presented in the Guidelines. "The Sentencing Guidelines expressly defer to statutorily mandated sentences that conflict with the guidelines." United States v. Sharp, 883 F.2d 829, 831 (9th Cir. 1989). Congress has provided limited authority for the district court to depart from statutory mandatory minimums under 18 U.S.C. Sec. 3553(e), allowing the district court to depart upon motion from the government finding that the defendant offerred substantial assistance in the investigation or prosecution. See United States v Valente, 961 F.2d 133 (9th Cir. 1992). No such motion was filed by the government and there is nothing on the record to indicate that Williams offerred any assistance to the government.
 
 
 41
 Accordingly, we REVERSE the district court on its finding of James Cox's career offender status and REMAND for reconsideration of James Cox's career offender status consistent with this opinion. We AFFIRM on all other claims.
 
 
 
 *
 The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3