**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50120 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-01250-W-2 |
| v. | |
| PATRICK JONES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Argued and Submitted June 6, 2013
Pasadena, California

Before: GOULD, N.R. SMITH, and NGUYEN, Circuit Judges.

Appellant Patrick Jones appeals the district court's imposition of a 15-year

mandatory-minimum sentence for violation of 18 U.S.C. § 2251(a). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

In *United States v. Avila-Anguiano*, 609 F.3d 1046 (9th Cir. 2010), we stated:

> When a defendant is sentenced to multiple counts and one of them is later vacated on appeal, the sentencing package becomes 'unbundled.' The district court then has the authority to put together a new package reflecting its considered judgment as to the punishment the defendant deserve[d] for the crimes of which he [wa]s still convicted.

*Id.* at 1049 (alteration in original) (internal quotation marks omitted). Thus, the district court erred in concluding that it lacked jurisdiction to reconsider Jones's sentence on remand after we reversed Jones's trafficking conviction in his prior appeal, *United States v. Jones*, 459 F. App'x 616, 617 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1937 (2012).

However, we conclude that the error was harmless. The district court could not have sentenced Jones to less than the 15-year mandatory minimum without a motion from the government. *United States v. Valente*, 961 F.2d 133, 134–35 (9th Cir. 1992). Because the district court could not have lowered Jones's sentence, Jones incurred no prejudice when the district court declined to re-sentence him. *See United States v. Gunning*, 401 F.3d 1145, 1149 (9th Cir. 2005) (concluding that failure to re-sentence is prejudicial "when a district court *could have* lowered a defendant's sentence . . . even if we doubted that the district court *would have* done so").

2

Further, the law of the case forecloses Jones's Fifth Amendment claims. *See United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995). In his prior appeal, Jones challenged his conviction by contending that the government must "prove scienter as to the minor's age in order to justify criminal penalties of the magnitude set forth in section 2251." In the alternative, Jones argued that even if we upheld his conviction, we should still vacate his sentence. To support these claims, Jones relied on the same arguments and authorities that he now brings before us. However, we previously rejected Jones's claim that the scienter demanded by the statute was inadequate to support a conviction for a crime with a 15-year mandatory minimum sentence. *Jones*, 459 F. App'x at 617. In doing so, we decided Jones's restatement of that argument—that his 15-year *sentence* offends the Fifth Amendment—"by necessary implication in the previous disposition." *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). In other words, we disagree with Jones (and the dissent) that simply repackaging arguments already raised in a prior appeal should allow Jones a second chance to appeal the same substantive issues.

Jones's Eighth Amendment claim is not timely, because he did not raise it in his first appeal. Therefore, we decline to address it. *See United States v. Nagra*, 147 F.3d 875, 882 (9th Cir. 1998) ("When a party could have raised an issue in a

3

prior appeal but did not, a court later hearing the same case need not consider the matter.").

       **AFFIRMED**.

*United States v. Jones*, No. 12-50120

N.R. SMITH, Circuit Judge, concurring:

I agree with the majority's disposition of this case. I write separately to address the "unbundling" issue. In my view, *United States v. Avila-Anguiano*, 609 F.3d 1046, 1048–49 (9th Cir. 2010), should not compel us to hold that Jones's sentence was "unbundled" when we vacated one count on his first appeal. *Avila-Anguiano*, broadly states that "[w]hen a defendant is sentenced to multiple counts and one of them is later vacated on appeal, the sentencing package becomes 'unbundled.'" *Id.* at 1049 (internal quotation marks omitted). "Such 'unbundling' is often warranted because conviction on the reversed counts may have affected the remaining counts." *Id.*

The *Avila-Anguiano* rationale made sense in that case. There, the district court had sentenced the defendant to 180 months imprisonment. *Id.* at 1048. The sentence consisted of a mandatory minimum of 120 months for one count to run consecutive to a 60 month sentence for five other counts, with those counts running concurrently with each other. *Id.* We later vacated three of those five counts. *Id.* On the defendant's second appeal, we concluded that the district court had jurisdiction to resentence defendant on the surviving counts on remand of the first appeal, because the sentence became unbundled. *Id.* at 1049. Given the potential interplay between the mandatory sentence and the other counts, it is clear

how the vacated counts could have "affected" the original sentencing.

Jones's original sentence distinguishes this case from *Avila-Aguiano.* There is no indication that Jones's sentences should have been unbundled on remand, because there is no indication that they were "bundled" in the first place. Jones received the mandatory minimum for both counts to run concurrently. The district court could not have imposed less than the mandatory minimum (without a government motion) and clearly did not wish to impose a greater sentence. Accordingly, the vacated count could not have "affected" the district court's original sentencing on the other count.

Jones cites no authority applying the "unbundling" theory to mandatory sentences set to run concurrently, and research reveals none. When asked about the lack of supporting authority at oral argument, Jones claimed that *United States v. Bennett*, 363 F.3d 947, 955-56 (9th Cir. 2004), supports his position. However, *Bennett* is inapposite. There, "the district court did not differentiate among Bennett's [two] counts of conviction during sentencing and ultimately sentenced Bennett to 121 months imprisonment 'as to each count, concurrent.'" *Id.* at 956. Unlike the instant case, there was no indication that the district court meant to impose the mandatory minimum (and nothing greater). As such, Jones's reliance on *Bennett* is misplaced. Thus, I would hold that the district court lacked jurisdiction to resentence Jones on the count surviving his first appeal.



*United States v. Jones*, No. 12-50120

GOULD, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that the district court erred when it concluded that it had no discretion to reconsider Jones's sentence on remand. The error is understandable, because our prior decision was ambiguous and not clear in mandate, but as a general rule, the district court can act when not precluded by the mandate.

But I disagree that the error was harmless. In affirming Jones's 18 U.S.C. § 2251(a) conviction in his prior appeal, we relied on *United States v. U.S. District Court* ("*Kantor II*"). *United States v. Jones*, 459 F. App'x 616, 617 (9th Cir. 2011) *cert. denied*, 132 S. Ct. 1937 (2012) (citing *Kantor II*, 858 F.2d 534 (9th Cir. 1988)). *Kantor II* came to us on a writ of mandamus before trial began and a sentence had been entered, and it did not discuss sentencing issues. 858 F.2d at 534. When we decided Jones's prior appeal, we did not refer to his sentence or sentencing claims. *Jones*, 459 F. App'x at 617.

Application of the law of the case is discretionary. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). But here the district court had no opportunity to apply its discretion. Jones did not present his constitutional claims to the district court in his first sentencing hearing, and on remand the district court erroneously concluded it had no jurisdiction to consider them for the first time.

Where a district court has not undertaken "the traditional exercise of discretion by a sentencing court," *Koon v. United States*, 518 U.S. 81, 98 (1996), we should be reluctant to substitute our judgment as to how that discretion would or should have been exercised on any matters of sentencing. I see no merit to an expansive law of the case ruling that forecloses from consideration a non-frivolous issue that neither the district court nor we have previously addressed.

Jones's arguments against his conviction and sentence were similar, but similar arguments carry distinct meanings when posed in different contexts and to different tribunals. The prior panel knew the sentence would become unbundled on remand and I think would have expected the district court to hear Jones's claims when it resentenced him. With the majority's decision now, we know the district court will never consider those claims. Thus I think a legitimate issue goes unreviewed.

I conclude that our prior decision does not represent the law of the case. I would remand to the district court to consider Jones's sentencing argument in the first instance. I respectfully dissent.