**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James P. VALENTE, Defendant–Appellant.**

**No. 91–10256.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 1992.

Decided April 1, 1992.

As Amended on Denial of Rehearing April 29, 1992.

Erik Sivesind, San Francisco, Cal., for defendant-appellant.

Bradford Lewis, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before: REINHARDT, NOONAN and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

James P. Valente was sentenced to 39 months imprisonment. In imposing this sentence, the district court departed downward below the statutory minimum sentence for the crime of which Valente was convicted. It did so in response to the government's motion for such a departure

based upon Valente's substantial assistance. *See* 18 U.S.C. § 3553(e) and Sentencing Guideline § 5K1.1.

In this appeal, Valente contends that once the court departed below the mandatory minimum sentence pursuant to the government's motion, it was free to depart even further downward based upon Valente's "aberrant" behavior which resulted in his conviction.

We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## DISCUSSION

Valente and four other defendants were indicted on two counts. Count I charged a violation of 21 U.S.C. § 846, conspiracy to manufacture in excess of 1000 marijuana plants. Count II charged violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, manufacture, and aiding and abetting the manufacture, of more than 1000 marijuana plants.

Valente and three of the other defendants entered negotiated guilty pleas. One defendant went to trial before a jury and was found guilty on both counts. As part of his plea agreement, Valente pleaded guilty to Count I and agreed to cooperate in the government's investigation. In exchange, the government agreed to recommend a reduced sentence of four years and to move for dismissal of Count II.

At Valente's sentencing hearing, the government moved for a downward departure based on Valente's "substantial assistance in the investigation of and prosecution of others." 18 U.S.C. § 3553(e). Because Valente's cooperation was so extensive, the government recommended a three-year sentence, rather than the four years originally agreed to. This recommended sentence was approximately half of the low end of the guideline range as calculated by the probation office. The district court sentenced Valente to 39 months imprisonment.

Valente contends the district court failed to take into account his aberrant behavior in determining an appropriate sentence. In support of this argument, he cites *United States v. Russell*, 870 F.2d 18 (1st Cir.

1989), in which the First Circuit approved a downward departure from the guidelines based upon aberrant behavior. However, Valente cites no authority to support a downward departure from a statutorily imposed minimum sentence, based on aberrant behavior.

■ The mandatory minimum sentence for the crime to which Valente pleaded guilty is ten years. 21 U.S.C. §§ 846 & 841(b)(1)(A)(vii). When a statute requires a different sentence than that set by the Sentencing Guidelines, the statute controls. *United States v. Sharp*, 883 F.2d 829, 831 (9th Cir.1989); citing *United States v. Donley*, 878 F.2d 735, 740–41 (3rd Cir.1989); and *United States v. Savage*, 863 F.2d 595, 600 (8th Cir.1988). The Sentencing Guidelines expressly defer to statutorily mandated sentences that conflict with the guidelines. *Sharp*, 883 F.2d at 831; citing U.S.S.G. § 5G1.1 commentary.

■ Generally, district courts do not have discretion to depart downward from mandatory minimum sentences imposed by statute. *United States v. Contreras*, 895 F.2d 1241, 1243 (9th Cir.1990). However, Congress has provided, in 18 U.S.C. § 3553(e), a limited authority to impose a sentence below a statutory minimum. This section reads:

Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statement issued by the Sentencing Commission.

18 U.S.C. § 3553(e) (1988).

In *Sharp*, we stated:

The district court may impose a sentence "below [the] level established by the statute as [a] minimum sentence," ... only if, "[u]pon motion of the Government," the court finds the defendant offered "substantial assistance in the investiga-

tion or prosecution of another person who has committed an offense."
*United States v. Sharp*, 883 F.2d at 831 (quoting 18 U.S.C. § 3553(e)).

Departures from the Sentencing Guidelines are addressed in chapter 5, part K of the guidelines. Section 5K1.1, "Substantial Assistance to Authorities," is the only section that allows a downward departure from a statutorily required minimum sentence. U.S.S.G. § 5K1.1, comment n. 1. All the other sections in part K address departures from the "guidelines." U.S.S.G. §§ 5K2.0–5K2.15.

■ Here, the district court departed downward from the mandatory minimum sentence in response to a motion by the government based on Valente's substantial assistance. The motion and departure were based on 18 U.S.C. § 3553(e) and guideline section 5K1.1. There is no question this downward departure was proper. But the court had no authority to depart downward below the statutory minimum on the basis of Valente's aberrant behavior.

AFFIRMED.