980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin Leonard LEVINE, Defendant-Appellant.
 No. 91-30398.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1992.*
Decided Nov. 13, 1992.
 
 Before HUG, POOLE and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Martin Levine entered a conditional guilty plea to manufacturing marijuana in violation of 21 U.S.C. § 841 following the district court's denial of his motion to suppress certain evidence. Levine argues that the district court erred in refusing to suppress that evidence because the warrant that authorized a search of the mobile home he was renting was not based on probable cause. Levine also appeals his sentence, contending that the district court erroneously believed that it lacked the power to impose a sentence below the Guidelines sentencing range or the statutory minimum required by 21 U.S.C. § 841. We have jurisdiction over Levine's timely appeal under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * We review for clear error the magistrate's determination that sufficient probable cause existed to issue a search warrant. United States v. Schmidt, 947 F.2d 362, 371 (9th Cir.1991). Probable cause is determined by the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 230 (1983). We defer to a magistrate's determination of probable cause in a doubtful or marginal case because of our preference that officers procure a warrant before searching. See United States v. Leon, 468 U.S. 897, 914 (1984).
 
 
 4
 In a proceeding before a magistrate judge for the state of Idaho, the prosecution in this case introduced the following evidence in support of probable cause: A) Levine had been arrested four years previously for growing 619 marijuana plants; B) a couple who lived near Levine's rented mobile home informed the police that Levine was only visiting the mobile home for an hour or two every few days, that the home had blankets covering the windows, and that the home seemed to be using an excessive amount of electricity; and C) a confidential informant notified the police that Levine had said he had some loose marijuana and would have a crop of marijuana maturing sometime in July (five months before the December probable cause hearing before the magistrate).
 
 
 5
 Levine's principal argument is that the reliability of the confidential informant was never established, and thus the information he or she provided should have been disregarded, and that the remaining evidence was insufficient to support probable cause. The government, however, did provide some evidence of the confidential informant's reliability, although its showing was less than ideal--a police officer testified before the magistrate that the detective who had gotten the tip from the confidential informant told the officer that the informant had previously given testimony that had turned out to be true. Although this relatively minimal showing of reliability, lacking any specific substantiation, lessens the weight properly accorded to the informant's evidence, it is relevant information we consider in measuring the totality of the circumstances. Cf. Gates, 462 U.S. at 228-30 (repudiating decisions of lower and state courts that read Spinelli v. United States, 393 U.S. 410 (1969), to require that information satisfy an independent criterion of reliability before being relevant to a probable cause determination).
 
 
 6
 We note that neither the information provided by Levine's neighbors nor the information provided by the confidential informant was sufficient to provide probable cause standing alone. The neighbors' evidence of unusual activity in Levine's mobile home did not provide sufficient reason to believe a crime was being committed. The confidential informant's evidence was also insufficient; we find the information too stale to provide probable cause. The information may well have provided probable cause in July, when the crop was to have matured, but not by the time the warrant was issued in December.
 
 
 7
 We conclude, however, that these two pieces of information taken together provided the magistrate with a substantial basis for concluding that Levine was, at the time the warrant issued, engaged in criminal activity that could be uncovered in a search of the mobile home.[1]
 
 
 8
 Because we find no clear error in the magistrate's conclusion that probable cause existed for the search warrant, we need not determine whether the good faith exception to the exclusionary rule would apply in the absence of probable cause. See United States v. Leon, 468 U.S. 897, 922 (1984).
 
 II
 
 9
 Levine also appeals his sentence, arguing that remand is called for because the district court erroneously believed it could not depart below the Guidelines sentencing range or the ten-year statutory minimum imposed by 21 U.S.C. § 841. Because the statutory minimum exceeded the Guidelines sentencing range, the district court properly--albeit reluctantly--applied the statutory minimum. See United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989) (per curiam) ("[W]hen a statute requires a sentence different than that set by the guidelines, the statute controls.").
 
 
 10
 Furthermore, we uphold the district court's conclusion that its opinion about the wisdom of departure below the statutory minimum was irrelevant; the district court correctly recognized that it was legally constrained from departing on the basis of the factors offered by Levine (his excellent employment record, his extensive community involvement, and his exemplary behavior while previously incarcerated). We express no opinion as to whether those factors could warrant a downward departure from a Guidelines sentencing range, see U.S.S.G. § 1A4(b), but we do find that they cannot provide a basis for imposing a sentence below the statutory minimum. United States v. Valente, 961 F.2d 133, 134-35 (9th Cir.1992), holds that the district court may not depart below the statutory minimum imposed by 21 U.S.C. § 841. The sole exception--unavailable to Levine--is when the government has entered a motion for a reduced sentence because a defendant has provided substantial assistance as per 18 U.S.C. § 3553(e). Id. As was the district court, we are compelled to find that departure below the statutorily imposed 120-month sentence is legally unavailable.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We express no opinion about the relevance of the prior conviction