**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Fredrick GARCIA–CRUZ,
Defendant–Appellant.**

**No. 93–50391.**

United States Court of Appeals,
Ninth Circuit.

Submitted on Briefs Sept. 20, 1993.

Memorandum Filed Oct. 6, 1993.

Memorandum Withdrawn Oct. 31, 1994.

Argued and Resubmitted June 15, 1994.

Decided Nov. 3, 1994.

Steven F. Hubachek, Cohen & Hubachek, San Diego, CA, for defendant-appellant Garcia-Cruz.

Michael G. Wheat, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: FLETCHER, POOLE and O'SCANNLAIN, Circuit Judges.

FLETCHER, Circuit Judge:

We originally decided this appeal on the briefs. Subsequently we granted the petition for rehearing. We now withdraw the memorandum disposition filed October 6, 1993 and substitute this opinion.

In this appeal, Fredrick Garcia–Cruz appeals his 41–month sentence, imposed following remand from this court for resentencing. Garcia–Cruz was originally sentenced to 200 months, following a jury trial, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Garcia–Cruz contends that the district court erred by applying the Guidelines in effect on the date of his original sentencing, rather than those in effect at the time of the offense. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for resentencing.

■ We review *de novo* the district court's application of the Guidelines. *United States v. Kohl,* 972 F.2d 294, 297 (9th Cir.1992).

■ Generally, a district court applies the Guidelines in effect on the date the defendant is sentenced. *United States v. Warren,* 980 F.2d 1300, 1304 (9th Cir.1992), *cert. denied,* ─── U.S. ───, 114 S.Ct. 397, 126 L.Ed.2d 344 (1993). We recently held, however, that following remand for resentencing that "absent an *ex post facto* problem, the district court must apply the version of the Sentencing Guidelines in effect on the date of resentencing." *United States v. Fagan,* 996 F.2d 1009, 1018 (9th Cir.1993). Where application of the amended version results in a harsher sentence, the district court should apply an earlier version not posing an *ex post facto* problem. *See id.; see also United States v. Gross,* 979 F.2d 1048, 1052–53 (5th Cir.1992) (instructing district court to apply on remand Guidelines in effect on date of original sentencing because application of amended version would result in increase of defendant's sentence); *United States v. Kopp,* 951 F.2d 521, 534 (3d Cir.1991) (similar). We have three choices here: The 1988 Guidelines in effect at the time of the of-

fense;[1] the 1990 Guidelines in effect at the time of the original sentencing; and the 1992 Guidelines in effect at the time of the resentencing.

The relevant facts are undisputed. The offense of conviction occurred in December 1988. On October 21, 1991, the district court imposed a 200–month sentence under the Armed Career Criminal Act (ACCA), finding that being a felon in possession of a firearm was a "crime of violence" for purposes of applying the ACCA. Garcia–Cruz successfully appealed his sentence to this court. *See United States v. Garcia–Cruz*, 978 F.2d 537, 543 (9th Cir.1992) (remanding for resentencing because being felon in possession of firearm not crime of violence for purposes of ACCA), *cert. denied*, — U.S. ——, 113 S.Ct. 2453, 124 L.Ed.2d 669 (1993).

Resentencing occurred on May 14, 1993. The parties disputed which version of U.S.S.G. § 2K2.1 was applicable.[2] Garcia–Cruz argued that the 1988 version, in effect at the time of the offense, was applicable and would result in the shortest sentence. The government, however, argued that Garcia–Cruz should be sentenced under either the 1992 version of section 2K2.1, in effect on the date of resentencing, or as a career offender under the 1988 version of U.S.S.G. § 4B1.1, in effect at the time of the offense. The district court rejected the arguments of both parties. Relying on *United States v. O'Neal*, 937 F.2d 1369 (9th Cir.1990), the court concluded that the instant offense was a crime of violence for career offender purposes under Section 4B1.1 of the 1988 Guidelines. The court therefore applied the 1990 version of 2K2.1 in effect on the date of the original sentencing, which resulted in the most favorable sentence for Garcia–Cruz under the court's interpretation of the Guidelines.

■ On appeal, Garcia–Cruz contends the district court erred by concluding that the instant offense was a crime of violence under the 1988 version of section 4B1.1 because *O'Neal* has been overruled *sub silentio* by subsequent case law. Alternatively, he argues that subsequent amendments to section 4B1.1 stating that the instant offense is not a crime of violence should apply retroactively because they merely clarify the 1988 version.

Everyone agrees that post November, 1989, mere possession of a firearm is *not* a crime of violence for purposes of § 4B1.1. However, because of the increase in offense levels for the crime since 1988, Garcia–Cruz would benefit from sentencing under the 1988 Guidelines were we to determine this construction also applied in 1988.

Several changes have been made in the Guidelines and the Commentary since 1988. Our circuit's decisions make clear that mere possession of a firearm after November, 1989 is not a crime of violence under section 4B1.1. *United States v. Sahakian*, 965 F.2d 740, 741 (9th Cir.1992). We need not detail those changes here. The significant event that affects our decision as to whether the 1988 Guidelines require a "categorical" or "conduct" analysis is the Supreme Court's decision in *Stinson v. United States*, — U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). It makes clear that commentaries to the Guidelines must be given controlling weight unless they are plainly erroneous or inconsistent with the Guidelines. *Id.* at ——, 113 S.Ct. at 1919. "We [The Supreme Court] decide that commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id.* at ——, 113 S.Ct. at 1915. Coincidentally, these pronouncements were made in the context of deciding whether possession of a firearm under § 4B1.1 is a

---

1. *See United States v. Henderson*, 993 F.2d 187, 190 (9th Cir.1993) (when there is an *ex post facto* problem, the district court must apply the Guidelines in effect on the date the offense occurred).

2. The 1988 version, in effect at the time of the offense, provided for a base offense level of 9 and an additional one-level increase for the stolen firearm. U.S.S.G. § 2K2.1(a), (b)(1) (Nov. 1988). The 1990 version, in effect on the date of the original sentencing, provided for a base offense level of 12 and an additional two-level increase for a stolen firearm. U.S.S.G. § 2K2.1(a)(1), (b)(2) (Nov. 1990). The 1992 version, in effect on the date of resentencing, provided for a base offense level of 26 and an additional two-level increase for a stolen firearm. U.S.S.G. § 2K1.1(a)(1), (b)(4) (Nov. 1992).

crime of violence. The lower court in *Stinson* simply refused to look at Amendment 433, an amendment to the Commentary that stated flatly that "[t]he term 'crime of violence' does not include the offense of unlawful possession of a firearm by a felon." U.S.S.G.App. C, at 253 (Nov. 1992). Because the Eleventh Circuit declined to consider commentary at all, it did not consider (1) whether prior commentary, if considered, would have dictated the same result as Amendment 433 (an amendment that the Commission said was simply clarifying); (2) whether amendment 433, in any event, should be given retroactive effect; or (3) whether a *subsequent* amendment, Amendment 469, U.S.S.G.App. C, at 296 (Nov. 1992), that specifically allowed retroactive effect to Amendment 433 should be given effect.

What has lead to uncertainty and confusion as to how we should decide this appeal is our decision in *United States v. O'Neal*, 937 F.2d 1369 (9th Cir.1990), a case that has much in common with the Eleventh Circuit's approach in *Stinson*. The *O'Neal* court explicitly stated that it did *not* consider the Commentary:

> We find it unnecessary to reach the issue of whether the commentary to Guideline 4B1.2 authorizes inquiry into the underlying facts of O'Neal's instant offense. A categorical analysis suffices to conclude that the offense of being in possession of a firearm by its nature poses a substantial risk that physical force will be used against person or property.

*Id.* at 1375. Had the *O'Neal* court had the benefit of the Supreme Court's lecture delivered in *Stinson* it would have known that it was necessary to heed the Commentary. The Commentary to the 1988 Guideline version made it *very clear* that a categorical approach was not intended except for certain enumerated crimes. As to all others, the sentencing court was to examine the conduct:

> "Crime of violence" is defined in 18 U.S.C. § 16 to mean an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or any other offense that is a felony and that by its nature involves a substantial risk that physical force against the person or property of another may be used in committing the offense. The Commission interprets this as follows: murder, manslaughter, kidnapping, aggravated assault, extortionate extension of credit, forcible sex offenses, arson, or robbery are covered by this provision. Other offenses are covered only if the conduct for which the defendant was specifically convicted meets the above definition. For example, conviction for an escape accomplished by force or threat of injury would be covered; conviction for an escape by stealth would not be covered. Conviction for burglary of a dwelling would be covered; conviction for burglary of other structures would not be covered.

Commentary to § 4B1.2 (June 15, 1988; January 15, 1988 Guidelines). With the benefit of *Stinson* we can comfortably conclude that applying the 1988 Guidelines to Garcia–Cruz in light of the Commentary would not qualify him as a career offender under Section 4B1.1.

To the extent that further comfort for this conclusion is needed, it can be found in the Commission's subsequent modifications of Section 4B1.2 and its Commentary. First off, the Commission has always taken the position that these amendments have been clarifying only. In adopting Amendment 433, the Commission had a point to drive home to the courts: it in effect was saying that the courts are not hearing us when we say the courts must be guided by *actual conduct* and that so guided the courts should find mere possession of a firearm is not a crime of violence, so we now state explicitly that possession of a firearm is *not* a violent crime. As further reinforcement, it then added (in Amendment 469) Amendment 433 to the list of amendments that may be considered for retroactive application.

After remand of the *Stinson* case, the Eleventh Circuit applied Amendment 433 retroactively. *See United States v. Stinson*, 30 F.3d 121, 122 (11th Cir.1994). With the government's acquiescence, the Second Circuit has done likewise in *United States v. Carter*, 981 F.2d 645, 648–49 (2d Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1827, 123 L.Ed.2d 456 (1993).

■ Under the law of our circuit, amendments to the Sentencing Guidelines which are "clarifying" as opposed to "substantive" may be given retroactive effect. *United States v. Carillo*, 991 F.2d 590, 592 (9th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 231, 126 L.Ed.2d 186 (1993). The Sentencing Guidelines Commission has always taken the position that the amendments at issue have been clarifying only. Amendment 433 states that it is intended to "*clarif[y]* that the offense of unlawful possession of a weapon is not a crime of violence." After the Supreme Court's opinion in *Stinson*, we must treat that language as controlling. Indeed, this court has already stated as much in *United States v. Sahakian*, 965 F.2d 740, 742 (9th Cir.1992) (stating in dictum that Amendment 433 is a clarifying amendment).

We do not suggest that the Commission's modifications to the Guidelines and Commentary, that we do not detail here, have made the court's job easy or that the path has been quite as straightforward as we make it sound. But the bottom line is that the Commission never intended *mere possession* of a firearm to be a crime of violence for the purposes of determining status as a career offender. We now put to rest any doubt. The decision we make today is mandated by *Stinson*. It affects, at most, a defined group of prisoners: those sentenced under Guideline § 4B1.1 prior to November, 1989 where one of their violent offenses was unlawful possession of a firearm.

REVERSED and REMANDED for resentencing.