UNITED STATES of America, Plaintiff,

v.

David BREEN, Defendant.

No. A92–154–09 CR (JKS).

United States District Court,
D. Alaska.

May 8, 1996.

Stephan A. Collins, Assistant United States Attorney, and Robert C. Bundy, United States Attorney, Anchorage, AK, for Plaintiff United States of America.

Michael S. Taggart, Assistant Federal Public Defender, Seattle, WA, and Richard Curtner, Federal Public Defender, Anchorage, AK, for Defendant David Breen.

## ORDER FROM CHAMBERS

SINGLETON, Chief Judge.

### I. INTRODUCTION

David Breen ("Breen") has served approximately 32 months of his 48–month prison sentence for conspiring to manufacture marijuana and moves for resentencing pursuant to 18 U.S.C. § 3582(c)(2) (1994), arguing that a 1995 amendment to the United States Sentencing Guidelines ("Sentencing Guidelines")[1] reduces his sentence. Docket Nos.

1. Amendment 516, effective November 1, 1995, amends USSC & G § 2D1.1(c), which is a table that sets forth the applicable Sentencing Guideline offense level for sentencing. Sentencing Guideline offense levels determine the length of sentencing and are calculated based upon the type and quantity of the controlled substances involved in the offense. When marijuana plants are involved in the offense, the Sentencing Commission assigns a weight equivalency for each marijuana plant to determine quantity. Amendment 516 changed the weight equivalency for marijuana plants. Prior to Amendment 516:

1149 & 1165. The Government opposes the motion (Docket No. 1154) and the United States Magistrate Judge assigned to this case has provided reports and recommendations. Docket Nos. 1168, 1171, & 1173 (initial, revised, and final);[2] *see also* Docket Nos. 1169 & 1170 (objection and response to initial report and recommendation). The Court has reviewed the record, *de novo,* and in the exercise of independent judgment, denies Breen's motion for resentencing.

## II. SENTENCING

On April 12, 1993, in accordance with a plea agreement, David Breen plead guilty to and was convicted of one count of conspiring to manufacture marijuana in violation of 21 U.S.C. § 846 (1994). Docket No. 798; *see* Plea Agreement at Docket No. 796; *see also* FED.R.CRIM.P. 11(e)(2). The parties agreed that 127 marijuana plants were involved in the offense. Docket No. 796. For all offenses involving more than 50 marijuana plants, the Sentencing Guidelines in effect assigned a weight value of one kilogram to each marijuana plant involved. USSC & G § 2D1.1 (1992). Thus, at the imposition of sentencing on July 16, 1993, it was determined that 127 kilograms of marijuana were involved in Breen's offense, which resulted in a Sentencing Guideline Offense Level 26. Docket No. 890; USSC & G § 2D1.1. Breen had no prior criminal history, which placed him in a Criminal History Category I. *See*

> In the case of an offense involving marihuana plants, if the offense involved (A) 50 or more marihuana plants, treat each plant as equivalent to 1 KG of marihuana; (B) fewer than 50 marihuana plants, treat each plant as equivalent to 100 G of marihuana. *Provided,* however, that if the actual weight of the marihuana is greater, use the actual weight of the marihuana.

USSC & G § 2D1.1(c), n.* at ¶ 5 (1992).

Pursuant to Amendment 516:

> In the case of an offense involving marihuana plants, treat each plant, regardless of sex, as equivalent to 100 G of marihuana. *Provided,* however, that if the actual weight of the marihuana is greater, use the actual weight of the marihuana.

USSC & G § 2D1.1(c), n.* (E) (1995). Since 127 plants were involved in Breen's offense, he maintains that Amendment 516 reduces his offense level and corresponding sentencing range.

USSC & G § 4A1.1; USSC & G § 5, Pt. A (Sentencing Table). The Guideline Sentencing range was 57–71 months (*see* June 23, 1993, Presentence Report; USSC & G § 5, Pt. A), but because an offense involving more than 100 marijuana plants carries a statutory mandatory minimum sentence of 60 months (21 U.S.C. § 841(b)(1)(B) (1994)), the appropriate sentencing range was 60–71 months. *Id.* The Court imposed the minimum sentence, 60 months, and then departed 12 months based upon Breen's substantial assistance to the Government and acceptance of responsibility. Docket No. 890; *see* USSC & G §§ 3E1.1, 5K1.1. Breen has served approximately 32 months of his 48–month sentence and seeks to be released for time served, arguing that certain amendments to the Sentencing Guidelines entitle him to a reduced sentence.

## III. DISCUSSION

As part of the 1994 amendments to the Sentencing Guidelines, a "safety valve" provision was added. USSC & G § 5C1.2 (1994). This provision authorizes the Court to deviate, in certain circumstances, from imposing the statutory mandatory minimum sentence. *Id.* The safety valve provision is to be applied prospectively.[3] The Sentencing Guidelines were again amended, effective November 1, 1995, and Amendment 516, which establishes a new conversion ratio for the weight equivalency of marijuana plants,

**2.** The Honorable John D. Roberts, United States Magistrate Judge, initially recommended that Breen's motion be denied, reasoning that although the amended Sentencing Guidelines, if applied, would significantly reduce Breen's term of imprisonment, Breen was sentenced pursuant to a mandatory minimum sentence, which is not affected by the amended Sentencing Guideline. Docket No. 1168. Magistrate Judge Roberts later recommended that Breen's motion be granted, deferring to a decision issued by the Honorable H. Russel Holland, United States District Court Judge for the District of Alaska, which arguably supports Breen's position. Docket Nos. 1171 & 1173 (Revised and Final Recommendations).

**3.** The safety valve provision "shall apply to all sentences imposed on or after the 10th day beginning after the date of enactment of this Act [Sept. 13, 1994]." 18 U.S.C. § 3553 (quoting Pub.L. No. 103–322, § 80001(c)).

is to be applied retroactively. *See* USSC & G § 1B1.1.10(c). Sentences pursuant to Amendment 516, however, are subject to the mandatory minimum sentences imposed by statute. There are two significant issues in this case. First, whether the passage of Amendment 516 provides the Court with jurisdiction to resentence Breen although his sentence will not change by application of Amendment 516 because Breen was sentenced pursuant to a mandatory minimum sentence which is longer than the Amendment 516 sentence. Second, whether application of the safety valve provision, which is a prospective amendment, provides an independent basis for jurisdiction to resentence.

### A. The Court's Jurisdiction to Resentence Pursuant to Amendment 516

The Court has jurisdiction to resentence a defendant whose term of imprisonment is based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*). 18 U.S.C. § 3583(c)(2) (1994). However, the reduction must be consistent with the policy statements issued by the Sentencing Commission. *Id.* The linchpin of the Court's inquiry is whether the Court should exercise its jurisdiction to resentence pursuant to a retroactive Sentencing Guideline amendment when application of such amendment, standing alone, fails to produce a reduction in sentence.

Amendment 516 reduced the weight equivalency for marijuana plants from one kilogram per plant to 100 grams per plant, regardless of the number of plants involved. USSC & G § 2D1.1(c) (1995). Since it has been determined that 127 marijuana plants were involved in the commission of Breen's crime, pursuant to Amendment 516, the offense level should be determined based upon 12.7 kilograms of marijuana.[4] Under the Sentencing Guidelines, 12.7 kilograms of marijuana corresponds to Offense Level 16,

whereas 127 kilograms of marijuana corresponds to Offense Level 26. USSC & G §§ 2D1.1(c)(7) and (12).[5] Breen's Sentencing Guideline range was 57–71 months under the 1992 Sentencing Guidelines. *See* June 23, 1993, Presentence Report; USSC & G § 5, Pt. A. The parties agree that Breen's offense level, if calculated pursuant to Amendment 516, will be Offense Level 13,[6] which carries a 12–18 month sentencing range.

Although the parties agree that Breen is at Offense Level 13 under Amendment 516, the parties disagree as to the correct application of Amendment 516 given the imposition of a mandatory 60–month minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(B). The Government contends that although the Court may exercise jurisdiction to resentence Breen because Amendment 516 is to be applied retroactively, resentencing will not change Breen's term of incarceration and thus the Court should decline Breen's request for resentencing. Docket No. 1154 (noting that Breen is subject to the 60–month mandatory minimum sentence contained in 21 U.S.C. § 841 and that where there exists a conflict between a Sentencing Guideline offense level and a sentence required by the offense statutes, the offense statutes supersede the Sentencing Guidelines) (citing USSC & G § 5G1.1 and *United States v. Valente*, 961 F.2d 133, 134 (9th Cir.1992)). As a result, continues the Government, the mandatory minimum sentence limits the Court's authority to impose a sentence less than 60 months. *Id.* (citing 18 U.S.C. § 3552(e) and *Valente*, 961 F.2d at 134). Conducting a resentencing of Breen pursuant to Amendment 516, argues the Government, would needlessly expend judicial resources because Breen's sentence will not change.

Breen argues that the 60–month mandatory minimum sentence provided in 21 U.S.C. § 841(b)(1)(B) does not prevent the Court, at its discretion, from sentencing Breen under

---

**4.** Prior to enactment of Amendment 516, Breen's offense level was determined based upon 127 kilograms of marijuana.

**5.** These offense levels do not include the reductions for acceptance of responsibility and for assisting the Government.

**6.** Breen would actually be at Offense Level 16, but after considering the reduction for acceptance of responsibility and the reduction for assisting the Government—reductions he received at his original sentencing—Breen's offense level is reduced to 13.

the amended Sentencing Guidelines. Docket Nos. 1165 & 1169. Pursuant to 18 U.S.C. § 3582(c)(2), he argues, the Court has jurisdiction to resentence since Breen's term of imprisonment is based upon a sentencing range which has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*). *Id.* Countering the Government's position that due to the mandatory minimum sentence, his sentence will not change upon resentencing, Breen argues that once the Court accepts jurisdiction to resentence, he is entitled to resentencing pursuant to the current Sentencing Guidelines, which, as applied, significantly reduce his sentence. *Id.* Thus, it is Breen's position that the Court has jurisdiction to resentence regardless of whether Amendment 516, standing alone, changes Breen's sentence. *Id.*

■ The Sentencing Guidelines and case law support the Government's position that the mandatory minimum sentence controls Breen's sentence. "When a statute requires a different sentence than that set by the Sentencing Guidelines, the statute controls." *United States v. Valente,* 961 F.2d 133, 134 (9th Cir.1992); *United States v. Williams,* 939 F.2d 721, 725 (9th Cir.1991); and *United States v. Sharp,* 883 F.2d 829, 831 (9th Cir. 1989); which adopt *United States v. Donley,* 878 F.2d 735, 740–41 (3rd Cir.1989); *United States v. Stewart,* 879 F.2d 1268, 1272 (5th Cir.1989); and *United States v. Savage,* 863 F.2d 595 (8th Cir.1988). The Sentencing Guidelines specifically provide, "Where a statutory required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." USSC & G § 5G1.1(b). Here, a resentence pursuant to Amendment 516 results in a 12–18 month sentence and the mandatory minimum dictates a 48–month sentence. Thus, if resentenced, Breen would be subject to the mandatory minimum. Breen is already serving a 48–month sentence.[7] As a result, resentencing pursuant to Amendment 516 would be ineffectual. Accordingly, although Amendment 516 is to be

applied retroactively, a resentencing is not warranted when the petitioner is not entitled to a reduction, *i.e.,* where the provision amended did not control the original sentence. *See Henry v. United States,* 913 F.Supp. 334, 338 (M.D.Pa.1996). In this case, the original weight equivalency did not determine Breen's sentence. Consequently, an amendment to that provision does not require resentencing.

### B. "Safety Valve" Provision

Breen argues that the Court's jurisdictional inquiry should not be limited to a review of the effect Amendment 516 alone will have on his sentence. Docket Nos. 1165 & 1169. He maintains that the Court should, instead, review the impact of the present Sentencing Guidelines and then determine whether Breen's sentence might be reduced. *Id.* Breen specifically relies upon USSC & G § 5C1.2 (1994) ("safety valve" provision) in support of a sentence reduction.

■ The safety valve provision of the Sentencing Guidelines took effect on September 23, 1994, almost eighteen months after Breen was sentenced in April of 1993. USSC & G § 5C1.2 (Amendment 509). This provision provides:

In the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 890, or § 963, the Court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the Court finds that the defendant meets the criteria in 18 U.S.C. § 3353(f)(1)–(5) set forth below:

1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guideline;

2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

3) the offense did not result in death or serious bodily injury to any person;

4) the defendant was not an organizer, leader, manager, or supervisor of others

---

7. This reflects the Court's 12–month downward departure for Breen's substantial assistance to the Government and acceptance of responsibility. *See* USSC & G §§ 3E1.1, 5K1.1.

in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

USSC & G § 5C1.2. The safety valve provision allows the Court to override the statutory mandatory minimum sentence in certain cases. The parties agree that Breen satisfies the standards set forth above. Hence, it follows that if the safety valve provision is given retroactive application, Breen could be resentenced pursuant to the Sentencing Guidelines and will not be subject to the mandatory minimum sentence contained in 21 U.S.C. § 841. Thus, the second issue is whether USSC & G § 5C1.2 should be applied retroactively in order to permit Breen to be resentenced.

Breen contends that the safety valve provision is applicable in this case even though USSC & G § 1B1.10 does not specifically list USSC & G § 5C1.2 as a section to be applied retroactively. Docket Nos. 1165 & 1169. Breen argues that the Court must resentence defendants pursuant to those Sentencing Guidelines that are intended to be applied retroactively, unless there are *ex post facto* problems. *Id.* (citing *Hamilton v. United States,* 67 F.3d 761 (9th Cir.1995); *United States v. Garcia–Cruz,* 40 F.3d 986 (9th Cir. 1994); and *United States v. Fagan,* 996 F.2d 1009 (9th Cir.1993)). Breen further argues that once the Court has jurisdiction to resentence, it must apply the guidelines in effect at the time of resentencing. Docket No. 1169 (citing *United States v. Fagan,* 996 F.2d 1009 (9th Cir.1993)); *but see* USSC & G § 1B1.10(b).[8] Thus, if the Sentencing Guidelines in effect at the time of resentencing are applied, then the safety valve provision, although not retroactive, applies because it is now applicable. As Breen explains, "[A] defendant who is fortunately eligible for resentencing pursuant to a retroactive amendment will have the benefit of all amendments, specifically retroactive or not, enacted subsequent to the initial sentencing." Docket No. 1165 (citing *Hamilton v. United States,* 67 F.3d 761 (9th Cir.1995); *United States v. Garcia–Cruz,* 40 F.3d 986 (9th Cir.1994); and *United States v. Fagan,* 996 F.2d 1009 (9th Cir.1993)). A review of these cases leads to the conclusion that prospective guideline amendments could only benefit Breen if he was entitled to a resentencing based on other factors unrelated to the amendment which Congress intended to only be applied prospectively. Since Breen is not entitled to a

**8.** Section 1B1.10(b) of the Sentencing Guidelines provides:

> In determining whether, and to what extent, a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the Court should consider the sentence that would have been imposed had the amendment(s) to the **guidelines listed in subsection (c) been in effect at the time the defendant was sentenced.**

USSC & G § 1B1.10(b) *(emphasis added).* The commentary to USSC & G § 1B1.10 provides:

> In determining the amended guideline range under subsection (b), the Court shall substitute only the amendments listed in subsection (c) for the corresponding **guideline provisions that were applied when the defendant was sentenced.** All other guideline application decisions remain unaffected.

USSC & G § 1B1.10(b), *commentary, application note 2.* Subsection (c) specifically lists all amendments that should be given retroactive application. Amendment 516 is specifically referenced, but USSC & G § 5C1.2 is specifically excluded.

The Sentencing Guidelines provide clear, unambiguous language, reiterated in its commentary, indicating that the retroactive amendment merely replaces the amended provision, and then the old Sentencing Guidelines are applied. USSC & G § 1B1.10 and commentary application note 2. The Sentencing Guidelines are clear that the amendments which are to be applied prospectively should not be considered on resentencing. It appears, however, that the Ninth Circuit does not adopt this position. *See Hamilton v. United States,* 67 F.3d 761 (9th Cir.1995); *United States v. Garcia–Cruz,* 40 F.3d 986 (9th Cir.1994); and *United States v. Fagan,* 996 F.2d 1009 (9th Cir.1993).

resentencing by Amendment 516, and can point to no other basis for resentencing, he cannot invoke the safety valve.

In *Fagan*, the defendant was sentenced in March 1990 prior to the issuance of a 1991 amendment. The Ninth Circuit first reiterated the well-settled proposition that "the district court is to apply the version of the Sentencing Guidelines in effect on the date of sentencing." *Fagan*, 996 F.2d at 1017 (citations omitted). The Court then determined that since the district court erred on other grounds, which resulted in a remand to reconsider the plea agreement, upon remand and after reconsidering the plea agreement, sentencing must be conducted in accordance with the Sentencing Guidelines then in effect. *Id.* at 1018. The Court reasoned that "this remedy most nearly restores Fagan to the position in which he would have been but for the government's breach of the plea agreement." *Id.* Notable is the fact that the Ninth Circuit determined that, for reasons unrelated to the amendment, the district court would be resentencing Fagan. Therefore, the appellate court instructed the trial court to "apply the version of the Sentencing Guidelines in effect on the date of resentencing." *Id.* Unlike in *Fagan*, Breen has no independent basis for resentencing. The Court has already determined that Amendment 516 does not provide such a basis.

*Garcia–Cruz* is also distinguishable. There, the defendant committed a crime in 1988, was originally sentenced in 1991, and was resentenced in 1993 following remand to the district court. *Garcia–Cruz*, 40 F.3d at 987–88. On the first of two appeals to the Ninth Circuit regarding Garcia–Cruz's original conviction, the appellate court determined that the district court committed a substantive error and ordered remand. *Id.* at 988; *see United States v. Garcia–Cruz*, 978 F.2d 537, 543 (9th Cir.1992) (remanding for resentencing because being a felon in possession of a firearm is not a crime of violence for purposes of the Armed Career Criminal Act ("ACCA")). On remand, Garcia–Cruz was resentenced based upon the Ninth Circuit's determination regarding ACCA. *Garcia–Cruz*, 40 F.3d at 988. On his second appeal to the Ninth Circuit, Gar-

cia–Cruz argued that the district court applied the wrong Sentencing Guidelines at resentencing. *Id.* The Court agreed, finding that the district court should have applied the Sentencing Guidelines in effect at the defendant's resentencing, absent *ex post facto* problems. *Id.* As in *Fagan*, the defendant had independent grounds for his resentencing. In *Fagan*, the district court was resentencing following a remand for interpretation of the plea agreement. *Fagan*, 996 F.2d at 1017. In *Garcia–Cruz*, the district court was resentencing the defendant because being a felon in possession of a firearm is not a crime of violence for purposes of the ACCA. *Garcia–Cruz*, 40 F.3d at 988. The prospective amendment to the Sentencing Guidelines was not the reason for resentencing in either case. *See also Hamilton v. United States*, 67 F.3d 761 (9th Cir.1995) (discussing Sentencing Guidelines and the *ex post facto* concerns that arise, but essentially restating the positions enunciated in greater detail in *Garcia–Cruz* and *Fagan*).

The Eighth Circuit has decided a case nearly directly on point. *See United States v. Pardue*, 36 F.3d 429 (8th Cir.1994). In *Pardue*, the defendant pleaded guilty to conspiracy to possess with the intent to distribute approximately 16 grams of LSD in violation of 21 U.S.C. §§ 841(a)(1), 846. *Id.* at 430. Pursuant to the mandatory minimum sentence imposed by statute, Pardue was sentenced to 120 months. *Id.* Following an amendment to USSC & G § 2D1.1(c), Pardue filed for resentencing pursuant to 18 U.S.C. § 3582(c)(2). *Id.* Pardue sought resentencing pursuant to the amended USSC & G § 2D1.1(c), which resulted in a sentence range lower than the mandatory minimum. *Id.* The district court denied Pardue's motion and the Eighth Circuit affirmed. *Id.* The circuit court found, "A § 3582(c)(2) motion applies only to guideline amendments that operate retroactively, as listed in the policy statement, USSC & G § 1B1.10(d)," and the defendant's ten-year sentence could not be reduced because he "was already at the mandatory minimum of ten years." *Id.* at 430–31. "A common sense interpretation of this policy statement leads to the inescapable conclusion that the mandatory minimum of § 841 ... overrides the retroactive appli-

cation of the new guideline." *Id.* at 431 (citing *United States v. Dimeo,* 28 F.3d 240 (1st Cir.1994); *United States v. Mueller,* 27 F.3d 494, 495–97 (10th Cir.1994); and *United States v. Boot,* 25 F.3d 52, 53 (1st Cir.1994), and noting that two other circuits have reached the same conclusion); *accord United States v. Mena,* 863 F.2d 1522, 1536 (11th Cir.1989) (defendant could not be sentenced to less than the mandatory minimum sentence even though a retroactive amendment provided for mitigation of the mandatory minimum sentence).

The Sentencing Guidelines specifically list the guidelines that must be applied retroactively. USSC & G § 1B1.10. If the Court disregards the Sentencing Commission's determination and applies other amendments retroactively, it makes the Sentencing Commission's determination of retroactivity meaningless. Section 1B1.10 does not list USSC & G § 5C1.2 as a provision to be given retroactive application, and the Court should not construe the Sentencing Guidelines in a manner inconsistent with the policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3583(c)(2). As a consequence, the safety valve provision cannot be used to provide the Court with a basis for jurisdiction to resentence Breen when Amendment 516 does not, by itself, affect the length of his sentence.

*C. Judge Holland's Decision in United States v. McCullough*

██ Breen next argues that the reasoning used by Judge Holland in *United States v. McCullough,* F91–0122–3–CR (HRH) (D. Alaska Dec. 26, 1995), should apply in this case. Docket No. 1169. In *McCullough,* Judge Holland essentially finds that once a retroactive amendment to the Sentencing Guidelines is passed, the defendant is entitled to a resentencing, without regard to the impact the amended guideline has on the original sentencing. I respectfully disagree. In my view, resentencing is only required if the guideline that was amended initially impacted the sentence and the amendment changes that impact. In the Ninth Circuit cases cited, the amendment is irrelevant to the defendant's original sentence and resentencing is therefore not required by the amendment.

## IV. CONCLUSION

When applying the Sentencing Guidelines, the Court must be mindful of statutory minimum sentences. If a statutory minimum sentence exists, the Court must defer to the statutory minimum sentence. *United States v. Valente,* 961 F.2d 133, 134 (9th Cir.1992); USSC & G § 5G1.1(b). At his original sentencing, Breen was subject to a 60–month statutory mandatory minimum sentence. This statutory mandatory minimum sentence determined the sentence Breen received. Had Amendment 516 been in effect in 1993, it would not have changed Breen's sentence. The safety valve provision is not to be applied retroactively and cannot be applied to Breen under the circumstances. Unlike the facts in *Fagan* and *Garcia–Cruz*—where the court resentences the defendant on some independent ground other than the safety valve provision, and then once resentencing is granted, determines that all Sentencing Guidelines should be applied—Breen is not entitled to a resentence because Amendment 516 does not change his sentence. *See Henry v. United States,* 913 F.Supp. 334, 338 (M.D.Pa. Jan. 23, 1996) ("Since the Petitioner is not entitled to a reduction, he is not entitled to a resentencing.") Breen's motion for resentencing at **Docket No. 1149** is therefore **DENIED.**