**UNITED STATES OF AMERICA,**
Plaintiff–Appellee,

v.

**George E. BARTON, Defendant–Appellant.**

**No. 03–30418.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2004.

Decided Aug. 4, 2004.

——————

St.Clair Frederick Winiker, III, Esq., Spokane, WA, for Plaintiff-Appellee.

Gerald R. Smith, Esq., Spokane, WA, for Defendant-Appellant.

Before: B. FLETCHER, HAMILTON,* and BERZON, Circuit Judges.

## MEMORANDUM **

George Barton (Barton) appeals his conviction and sentence for wire fraud, 18 U.S.C. § 1343. We affirm Barton's conviction, but vacate his sentence and remand the case for resentencing.

■ In response to Barton's contention that the district court committed reversible error when it allowed the testimony from two of Barton's depositions (September 1997 and October 1998) to be read into the record, we hold the district court did not abuse its discretion. The deposition testimony was relevant to the central issue of the case, *i.e.*, Barton's financial condition, and therefore was admissible. *See United States v. Hankey*, 203 F.3d 1160, 1166 (9th Cir.2000) ("A district court's evidentiary rulings during trial are reviewed for abuse of discretion.").

■ With regard to Barton's contention that there is insufficient evidence in the record to support his conviction, we hold Barton is not entitled to relief. The government presented evidence that, in telephone calls and facsimile transmissions, Barton falsely claimed to own over $300,000 in farm equipment to obtain a loan. Viewing the evidence in the light most favorable to the government, the jury could have found the essential elements of wire fraud beyond a reasonable doubt. *United States v. Lynch*, 367 F.3d 1148, 1161 (9th Cir.2004) ("There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").

■ Finally, we agree with Barton's contention that the district court erred in calculating the amount of intended loss under the Sentencing Guidelines because it based its decision solely on Barton's intent to repay the loan, without considering the prepayments withheld at closing and whether Barton anticipated that the collateral would be repossessed or foreclosed upon by the victims/investors.

We review the district court's construction, interpretation, and application of the Sentencing Guidelines *de novo*, and we review the district court's factual findings for clear error. *United States v. McCormac*, 309 F.3d 623, 627 (9th Cir.2002). Al-

---

* The Honorable Clyde H. Hamilton, Senior United States Circuit Judge, United States Court of Appeals for the Fourth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

though the district court used the correct (1998) version of the Sentencing Guidelines,[1] it erred when it did not apply the 2001 amendment to the definition of intended loss under the Sentencing Guidelines for fraud.[2] Under the 2001 amendment to the Sentencing Guidelines for fraud, the "intended loss should not be an inquiry into intent to repay, as suggested by case law interpreting the prior sentencing guideline, but rather should focus on the intended financial harm." *Id.* at 629; *id.* at 628 (noting that the 2001 amendment to the Sentencing Guidelines for fraud adopt a "broad definition" of intended loss and noting that the definition of intended loss "includes the 'pecuniary harm that was intended to result from the offense,' whether or not that pecuniary harm 'would have been impossible or unlikely to occur'") (quoting USSG § 2B1.1., cmt. n. 2(A)(ii) (2001)). Consequently, under the 2001 amendment, "even though in many instances" the intended loss inquiry "will simply be an inquiry into whether a defendant intended to repay, when collateral is involved courts must also consider whether a defendant planned to return the collateral or anticipated that such collateral would be repossessed or foreclosed on by the lending institution." *McCormac,* 309 F.3d at 629.

Because the district court did not apply *McCormac's* intended loss test, we vacate Barton's sentence and remand his case for resentencing. On remand, the district court should be mindful to sentence Barton in a manner consistent with *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and any pronouncements by the Supreme Court or this court interpreting *Blakely.*

In conclusion, we affirm Barton's conviction, but vacate his sentence and remand the case for resentencing.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

---

1. Barton was sentenced in September 2003. Because the November 2002 version of the Sentencing Guidelines provided for higher offense levels when calculating the amount of loss, the parties stipulated to the use of the version of the Sentencing Guidelines in effect at the time the offense was committed to avoid any *ex post facto* problems.

2. "Under the law of our circuit, amendments to the Sentencing Guidelines which are 'clarifying' as opposed to 'substantive' may be given retroactive effect." *United States v. Garcia–Cruz,* 40 F.3d 986, 990 (9th Cir.1994). We hold the 2001 amendment to the definition of intended loss under the Sentencing Guidelines for fraud to be clarifying amendments. *See* U.S.S.G.App. C, amend. 617 (2001).