**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Kenneth R. OLSEN, Defendant—
Appellant.**

Nos. 03–30499, 03–30509.
D.C. Nos. CR –02–00184–WFN,
CR–03–00084–1–WFN.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 2004.*

Decided Dec. 28, 2004.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Earl Allan Hicks, USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Gerald D. Smith, FPDWA—Federal Public Defender's Office (Eastern WA & ID), Spokane, WA, for Defendant–Appellant.

Before HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

## MEMORANDUM**

Kenneth Olsen was convicted of and sentenced for possession of a biological agent, toxin, or delivery system for use as a weapon in violation of 18 U.S.C. § 175(a). He appeals his conviction and sentence, raising several pretrial, trial, and sentencing issues. We affirm the conviction, but remand for resentencing. Because the parties are familiar with factual and procedural history of this case, we will not recount it here.

** This disposition is not appropriate for publication and may not be cited to or by the

■ The district court did not err in joining the two counts with which Olsen was originally charged for purposes of trial. Olsen waived the issue by failing to timely raise a proper objection to the joinder of two counts. *United States v. Gonzalez–Torres*, 309 F.3d 594, 601 (9th Cir. 2002). Even had Olsen properly objected, his misjoinder claim fails on the merits. A judge can join counts for purposes of trial if the offenses are "of the same or similar character or are based on the same act or transaction." Fed.R.Crim.P. 8(a); *see also* Fed.R.Crim.P. 13. Olsen's two charged offenses arose from the same conduct and were supported by the same evidence. The joinder therefore resulted in no "substantial and injurious effect or influence in determining the jury's verdict." *United States v. Sarkisian*, 197 F.3d 966, 976–77 (9th Cir.1999). Finally, the district court foreclosed any claim of error on this issue by dismissing one count prior to sentencing. *See United States v. Matthews*, 240 F.3d 806, 817–18 (9th Cir.2000).

■ Olsen's sufficiency of the evidence claims likewise fails. The jury was presented with copious evidence of both toxicity and intent. Olsen contends that though Ricin is toxic when first made, it can be detoxified, and the government was required to prove that detoxification did not occur here. However, the government presented evidence that Olsen made Ricin, and no trial evidence indicated detoxification. Viewing the evidence in the light most favorable to the prosecution, we cannot say that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Angwin*, 271 F.3d 786, 804 (9th Cir.2001) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Nor can we say that the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

government impermissibly shifted the burden or mischaracterized the evidence in its closing argument.

■ The district court did not err in its evidentiary rulings. The district court did not abuse its discretion in limiting the scope of cross-examination of Dr. Melnikoff. *See United States v. Geston,* 299 F.3d 1130, 1137 (9th Cir.2002). Cross-examination related to a remote incident of misconduct by Melnikoff would not have demonstrated his "biases and motivations" in the present case, as Melnikoff was a minor chain of custody witness. *See United States v. Manning,* 56 F.3d 1188, 1197 (9th Cir.1995). Any error in allowing guilt-assuming hypothetical questions that the prosecution proposed to the defense character witness was cured by the limiting instruction the district court presented to the jury.

■ Although we affirm Olsen's conviction, we must vacate and remand for re-sentencing because the district court failed to determine the most analogous guideline in effect at the time of the offense and then conduct an ex post facto analysis, comparing it to the current guideline. *See United States v. Garcia–Cruz,* 40 F.3d 986, 987 (9th Cir.1994). In resentencing, the district court should also consider *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Ameline,* 376 F.3d 967 (9th Cir. 2004), as well as *United States v. Booker,* 375 F.3d 508 (7th Cir.2004), *cert. granted,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838, 2004 WL 1713654 (Aug. 2, 2004), and *United States v. Fanfan,* Docket 03–47, 2004 WL 1723114 (D.Me. June 28, 2004), *cert. granted,* —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838, 2004 WL 1713655 (Aug. 2, 2004), once they are decided.

**AFFIRMED; REMANDED FOR RE-SENTENCING.**