UNITED STATES of America, Plaintiff–Appellee,

v.

**Allan BOREN, Defendant–Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**Allan Boren, aka Seal A, Defendant–Appellant.**

**Nos. 04–50214, 04–50269.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Decided March 17, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

See also, 278 F.3d 911.

Julie Werner–Simon, Esq., Steven Cazares, USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

George W. Buehler, Esq., Geragos & Geragos, Los Angeles, CA, for Defendant–Appellant.

Before: BEEZER, HALL, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Allan Boren appeals the sentence imposed following his guilty plea and convictions for bank fraud in violation of 18 U.S.C. § 1344; false statements to a financial institution in violation of 18 U.S.C. § 1014; conspiracy to commit securities fraud, falsification of books and records, conspiracy to commit mail and wire fraud, conspiracy to commit obstruction of justice, and obstruction of justice, in violation of 18 U.S.C. § 371; mail fraud in violation

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of 18 U.S.C. § 1341; wire fraud in violation of 18 U.S.C. § 1343; concealment of money laundering in violation of 18 U.S.C. § 1956(a)(1); and subscribing to a false tax return in violation of 28 U.S.C. § 7206(1).

Boren was sentenced under the 1997 version of the then-mandatory Federal Sentencing Guidelines. However, "[e]ven though the guidelines are no longer mandatory after the Supreme Court's decision ... in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court should still consult them for advice as to the appropriate sentence[.]" *United States v. Kimbrew*, 406 F.3d 1149, 1152 (9th Cir.2005). We continue to evaluate whether a district court correctly applied the Sentencing Guidelines, including adjustments and enhancements. *United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir.2006). We thus address the merits of Boren's sentencing arguments, reviewing "the district court's interpretations of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion, and the district court's factual findings for clear error." *Kimbrew*, 406 F.3d at 1151. Where Boren did not object below, his claim is reviewed for plain error. *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir.2005) (en banc).

*Intended Loss*

■ Boren first argues that the district court's finding of intended loss of $1 million was not supported by the evidence. For purposes of calculating a sentence, application note 7 to § 2F1.1 of the 1997 Guidelines indicates that intended loss will be used instead of actual loss so long as it can be determined and is the greater of the two. "[W]hen a person commits fraud and absconds with no intent to repay, the fact that he is caught and part of the money is recovered does not change calcu-

lation of the loss." *United States v. Galliano*, 977 F.2d 1350, 1353 (9th Cir.1992). The district court found that Boren did not have an intent to repay: if he had, the court reasoned, Citibank would not have been required to file a lawsuit and obtain a writ in order to recover its money. That finding was not clearly erroneous. Therefore, the district court correctly calculated the loss based on the gross amount of the loan rather than on the "actual, net loss suffered by the bank[ ]." *Id.*

*Aggravating Role*

■ Next, Boren argues that the district court's imposition of a 2–level adjustment for aggravating role under U.S.S.G. § 3B1.1 was not supported by the evidence. The district court found that Boren had an aggravating role in relation to his girlfriend, Gabrielle Tuite, and held that she was not his equal in terms of responsibility for the criminal enterprises. Although Tuite's main testimony denied criminal involvement, she went on the record about her involvement when she spoke with FBI case officers in 2002. Furthermore, during his testimony, Boren described Tuite's role, indicating that she explicitly helped him to conceal the origins of the fraudulently-gained cash—which is to say, launder it. On these facts, it was not clear error for the district court to find that Boren was an "organizer, leader, manager, or supervisor" of the criminal activity in question, and thus that he had an aggravating role within the meaning of U.S.S.G. § 3B1.1.

*Calculation of Amount of Funds*

■ Boren next argues that the district court used the wrong standard to calculate the amount of funds involved in the money laundering offenses, for purposes of U.S.S.G. § 2S1.1. We review interpreta-

tions of the Sentencing Guidlines de novo. *Kimbrew,* 406 F.3d at 1151.

There are two methods of calculating the amount of funds involved in a money laundering offense: one way is to aggregate all of the transaction amounts involved in the scheme, and the other way is to determine how much initial cash was infused into the scheme at the beginning. Which method is used depends on which version of the Guidelines is applied. The 2001 amendments to § 2S1.1 added different and detailed enhancements to the law that vitiated some of the policy concerns behind the aggregative approach; a sophisticated laundering provision punishes certain criminals for their complex layering schemes, and so there is no need to punish them by aggregating the dollar values of their transactions. *See* U.S.S.G. § 2S1.1(b)(3). But because Boren was sentenced under the 1997 guidelines, the district judge correctly applied the aggregative method to value the funds.

*Combination of Factors*

Finally, Boren argues that the district court's upward departure based on a "combination of factors" was neither authorized by the Sentencing Guidelines nor supported by the evidence. The standard for whether a departure is appropriate in this case turns first on whether the 2003 amendment to U.S.S.G. § 5K2.0 is retroactive. The test for retroactivity in the Sentencing Guidelines context is whether an amendment is substantive or clarifying: only clarifying amendments are retroactive. *See United States v. Garcia–Cruz,* 40 F.3d 986, 990 (9th Cir.1994). In determining whether an amendment is substantive or clarifying, we look primarily at three factors: "(1) whether the amendment is included on the list of retroactive amendments found in U.S.S.G. § 1B1.10(c); (2) whether the Commission itself characterized the amendment as a

clarification; and (3) whether the amendment resolves a circuit conflict." *United States v. Morgan,* 376 F.3d 1002, 1011 (9th Cir.2004) (citations omitted).

■ The 2003 amendment was substantive, and thus not retroactive, for a number of reasons. First, as the government points out, the amendment is not on a list of amendments to the Sentencing Guidelines which are meant to be retroactive. U.S.S.G. § 1B1.10(c). Second, the language of the Commission in describing the amendment indicates that it was a part of an effort, dictated by Congress, to "prohibit[ ] several factors as grounds for departure, restrict[ ] the availability of certain departures ... and limit[ ] the extent of departure permissible for certain offenders." *See* U.S. Sentencing Guidelines Manual app. C, Vol. II, at 361 (2003). Also, this amendment makes a substantive shift in the law, by requiring that for departures made pursuant to a combination of factors, each factor has to be a permissible ground for departure by itself. Finally, there is no indication that the amendment was meant to address a circuit split. All of these reasons combine to reveal that the amendment was not merely clarifying, and the 1997 version of the Guidelines controls.

■ Reviewing the district court's application of the Sentencing Guidelines to the facts of the case for abuse of discretion, *Kimbrew,* 406 F.3d at 1151, we affirm the district court's decision to depart upward under § 5K2.0. Because Boren's behavior was such an intricate compendium of varied and remorseless fraud, it plainly falls outside the typical heartland of cases covered by the Guidelines. The district court pointed to a number of factors in its decision to depart upward, noting the wide variety of crimes and the large number of people affected. In addition, the court noted the truly brazen aspects of Boren's

conduct, as he continued to engage in investor fraud schemes even as he awaited his federal criminal trial on other charges. This analysis and application of the facts cannot be considered an abuse of discretion.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.